In the Matter of CINDY JJ.* and Others, Children Alleged to be Abused and Neglected. WILLIAM R. MOON, as Commissioner of the Delaware County Department of Social Services, Appellant; KENNETH JJ., Respondent.

Third Department, December 27, 1984

**APPEARANCES OF COUNSEL**

*Carl F. Becker* for appellant.

*Gerald Mackin* for respondent.

**OPINION OF THE COURT**

CASEY, J.

Petitioner claims that Family Court erred in finding insufficient evidence to sustain petitioner's allegations of child abuse as to three of respondent's four children. We agree in part with this claim.

The petition, dated June 3, 1983, alleges that respondent's four children, two daughters, ages 16 and 14, and two sons, ages 17 and 13, are abused children within the meaning of section 1012 of the Family Court Act. Specifically, the petition alleges that respondent engaged in sexual intercourse with his older daughter on four occasions and that he had sexual contact with

---

\* Names used are fictitious for purposes of publication.

his younger daughter on two occasions. The two boys are alleged to be abused children because they reside with their sisters in the same household as respondent.

At the hearing, petitioner presented written statements of the two daughters confirming the sexual offenses alleged in the petition. In her statement, the oldest daughter further claimed that respondent admitted having sexual intercourse with the youngest daughter. Petitioner also presented a written statement signed by respondent in which he admitted having had sexual intercourse with his oldest daughter on four occasions. Petitioner's caseworkers testified that respondent denied ever having had sexual contact with his youngest daughter. Based upon this evidence, Family Court found that the oldest daughter was an abused child, but dismissed the petition as to the other three children.

Section 1046 (subd [a], par [vi]) of the Family Court Act provides: "[P]revious statements made by the child relating to any allegations of abuse or neglect shall be admissible in evidence; provided, however, that no such statement, if uncorroborated, shall be· sufficient to make a fact-finding of abuse or neglect". Family Court concluded that although the oldest daughter's statement was corroborated by respondent's admissions (see *Matter of Margaret W.,* 83 AD2d 557, mot for lv to app den 54 NY2d 609), the statement of the youngest daughter was not corroborated. We disagree.

In the area of criminal law, this court has considered an analogous factual pattern under CPL 60.20, which authorizes the admission of the unsworn testimony of a child under 12 years of age but precludes a conviction solely upon such unsworn evidence. In *People v St. John* ('74 AD2d 85, app dsmd 53 NY2d 704), we held that the unsworn testimony of one child could not be used to corroborate the unsworn testimony of another child. This holding is consistent with the long-recognized principle that the testimony of one accomplice may not be used to corroborate that of another (*People v Mullens,* 292 NY 408, 414; *People v O'Farrell,* 175 NY 323, 327-328). Even in the criminal law area, however, not all cross-corroboration is prohibited (see *People v Coleman,* 42 NY2d 500, 506).

In any event, we are reluctant to apply the same strict corroboration requirements applicable to criminal cases in proceedings such as the one at bar (but see *Matter of Nicole S.,* 123 Misc 2d 364). The burden of proof in child abuse and neglect proceedings — a preponderance of the evidence (Family Ct Act, § 1046, subd [b]) — is less exacting than the beyond a reasonable

doubt burden of proof required in criminal cases. Similarly, while a fundamental liberty interest is at stake in child abuse and neglect proceedings, the potential infringement is far less severe than in criminal proceedings (see *Matter of Linda C.,* 86 AD2d 356, 358). Also to be considered are the child's interests (*supra,* at p 359) and the express purpose of child abuse and neglect proceedings "to help protect children from injury or mistreatment and to help safeguard their physical, mental, and emotional well-being" (Family Ct Act, § 1011).

An additional, and more compelling, factor is that the evidence in the record tending to corroborate the youngest daughter's statement is not limited to the uncorroborated portion of the oldest daughter's statement concerning the abuse of her sister. Thus, unlike the criminal cases referred to above, this is not a case of pure cross-corroboration alone. The proof of abuse of the oldest daughter, consisting of the portion of her statement concerning that abuse corroborated by respondent's admissions, was admissible on the issue of abuse of respondent's other children (Family Ct Act, § 1046, subd [a], par [i]). While such proof is not necessarily conclusive as to the other children, it is relevant (*Matter of Richard SS.,* 87 AD2d 915), and where a parent's distorted notion of his role as a parent is revealed, that proof takes on greater significance (see *Matter of Christina Maria C.,* 89 AD2d 855). Here, the repeated sexual offenses committed by respondent on his 16-year-old daughter clearly reveals a distorted notion of his relationship with his daughters and cannot be viewed as insignificant in considering the allegations of his abuse of his 14-year-old daughter.

Accordingly, we conclude that the statements of the two daughters concerning the sexual offenses committed by respondent on his youngest daughter, together with the proof of the sexual offenses committed by him on his oldest daughter, constitute sufficient evidence to support a finding that the youngest daughter is an abused child, and we so find.

As to respondent's two sons, however, we agree with Family Court that dismissal of the petition was required by the lack of proof. There is no evidence that respondent's aberrant behavior toward his daughters was directed at his sons, or that they were aware of or affected by his misconduct.

Mahoney, P. J., Kane, Levine and Harvey, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as dismissed that portion of the petition alleging that respondent's youngest daughter was an abused child; that

portion of the petition granted and matter remitted to the Family Court of Delaware County for further proceedings not inconsistent herewith; and, as so modified, affirmed.