■ In the Matter of TANTALYN TT. et al., Alleged to be Abused or Neglected Children. GWENDOLYN TT. et al., Respondents; WILLIE UU., Appellant.—Weiss, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered September 7, 1984, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children to be neglected, and placed them in petitioner's custody for 18 months.

In this child abuse and neglect proceeding, a brief identification of the parties is required. Respondents Gwendolyn TT. and Willie UU. are the natural parents of Brandi UU., born in March 1977. Respondent Kathy TT., who is Gwendolyn's daughter, is the natural mother of Tantalyn TT., born in November 1979. During the periods in issue, Tantalyn, who has cerebral palsy, was in the legal custody of Gwendolyn. All of the above resided in the same household, together with the two teen-age sons of Gwendolyn and Willie.

By petition dated January 19, 1984, petitioner commenced a

proceeding in Family Court against Gwendolyn, Willie and Kathy (respondents) alleging that the two children were either abused or neglected within the meaning of Family Court Act article 10 (see, Family Ct Act § 1012 [e], [f]). Specifically, the petition alleged that respondents engaged in or allowed sexual offenses to be committed against the children. After the children were temporarily removed from the home, Willie applied under Family Court Act § 1028 for their return pending a final resolution of the petition. A hearing was held during which Bonnie Chollet, Tantalyn's teacher from United Cerebral Palsy, and Geraldine Hicks, a senior caseworker from petitioner's child protective unit, described an interview with Tantalyn on January 11, 1984, in which the child displayed behavioral signs of sexual abuse and communicated that Willie and the two teen-age sons were the responsible parties. Hicks further described an interview with Brandi on January 17, 1984, in which the child indicated how Willie and the teen-age sons had sexual contact with both herself and Tantalyn. Hicks testified that it was unusual for either child to be cognizant of the sexual acts indicated and opined that the children had been sexually abused. Based on the foregoing, Willie's request for return of the children was denied.

Thereafter, a fact-finding hearing was held in which the above-noted testimony was admitted into evidence. In addition, Lynn Semler, a consultant at United Cerebral Palsy, described behavioral signs of sexual abuse akin to those later observed by Hicks, which prompted her to contact the Child Abuse Hotline. Family Court also conducted an in camera interview of Brandi, in which she indicated that only the teen-age sons had sexual contact with her. Based on the foregoing, the court determined that while there was insufficient evidence that respondents knew about the acts of abuse, the children were neglected within the meaning of Family Court Act § 1012 (f) (i) (B). At the ensuing dispositional hearing, Family Court placed the children in petitioner's custody for 18 months, with Gwendolyn and Kathy being allowed to retain physical custody.* This appeal by Willie ensued.

Willie first maintains that his application pursuant to Family Court Act § 1028 was improperly denied on the basis of uncorroborated hearsay testimony. While the finding of neglect essentially moots this argument, we find that Family Court had ample basis to reject his application. All "material and relevant" evidence may be admitted during such a hear-

---

* Petitioner does not challenge the placement of physical custody of the children with their mothers (cf. Matter of Richard SS., 87 AD2d 915, 916).

ing (Family Ct Act § 1046 [c]), including previous statements made by the children (Family Ct Act § 1046 [a] [vi]). Contrary to Willie's suggestion, the record establishes that Tantalyn is able to communicate despite her language impairment. Moreover, Willie's argument neatly overlooks Brandi's unchallenged statements and the specific observations made by Tantalyn's teacher and the caseworker. Since the testimony presented a substantial probability of sexual abuse, the safer course was not to return the children to respondents (see, Matter of Sheila M., 103 AD2d 777; Matter of Jasmine H., 88 AD2d 996, 997; Matter of Corey T., 81 AD2d 785, 786).

We further conclude that Family Court did not err in determining that the children were neglected. Willie contends that since the court determined that he neither abused the children nor had any knowledge of abuse, there was no evidentiary basis to sustain the petition. This argument fails to point out that a determination of neglect may spring from the failure to exercise that minimum degree of care necessary to protect a child from impairment of her physical and mental well-being (see, Family Ct Act § 1012 [f] [i] [B]; Matter of Victoria SS., 108 AD2d 989; Matter of Tammie Z., 105 AD2d 463, affd 66 NY2d 1; Matter of Eric M., 90 AD2d 717, 718). Given the tender years of these two children, the occurrence of repeated sexual acts within the household evidences a failure of parental care and supervision, regardless of whether respondents were actively involved. Therefore, the issue distills to whether such acts were established by a preponderance of the evidence (Family Ct Act § 1046 [b]; see, Matter of Tammie Z., supra; Matter of Linda C., 86 AD2d 356). We recognize that the children's prior statements, if uncorroborated, do not suffice to establish a finding of neglect (Family Ct Act § 1046 [a] [vi]). Each child's statement, however, may be deemed corroborative of the other (see, Matter of Cindy JJ., 105 AD2d 189, 190-191). Moreover, this is not a case of "pure cross-corroboration" (id., p 191). The behavioral signs of abuse observed by Tantalyn's teacher and counselor, and by the caseworker, substantiate the statements of the children. Family Court could also properly ascertain the best interests of the children during the in camera interview of Brandi which was conducted during the course of the fact-finding hearing (cf. Matter of Bernelle P., 59 AD2d 764, affd 45 NY2d 937). In our view, there is sufficient evidence that the two children were neglected, and we so find.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.