OPINION OF THE COURT
Wilmer J. Patlow, J.
Petitioner seeks expungement of all information in the New York State Child Abuse and Maltreatment Register (State Central Register) pertaining to a report filed against her September 23, 1985 charging certain acts of child abuse. The charges involve allegations of sexual abuse, excessive corporal punishment and inadequate guardianship respecting children in petitioner’s care as an unlicensed day care center.
The original basis for the petition was that respondent Monroe County Department of Social Services had failed to determine whether the report was "indicated” or "unfounded” within the 90-day period required by Social Services Law § 424 (7).
In response, the Monroe County Department of Social Services has come forth with a "Follow-up Report” determining the allegations to be "indicated”. This report was signed by a caseworker on December 22, 1985, the last day of the 90-day period following the initial report to the State Central Register. Additionally, respondent Monroe County Department of Social Services has supplied the court with an undated notice of its decision, apparently sent to petitioner in response to the instant petition.
Based on these documents, respondents Monroe County and New York State Department of Social Services move to dismiss the petition on the grounds that petitioner has failed to exhaust the administrative remedies now available to her, particularly her right to request the Commissioner to amend or expunge the "indicated” report as provided in Social Services Law § 422 (8).
Petitioner takes the position that in fact respondent never made a determination within the meaning of Social Services Law § 424 (7) because the "Follow-up Report” was not signed by a supervisor within the 90-day period, and has in fact *142 never been so signed, all in violation of applicable State regulations (18 NYCRR 432.2 [b] [3] [v]).
Additionally, petitioner contends that respondent Monroe County Department of Social Services did not act within the 90 days because it did not notify petitioner of its determination within that time.
It is clear that the Monroe County Department of Social Services has not followed applicable State regulations with respect to the supervisor’s signature and also as to notice.
The regulations do provide that a child protective service supervisor is required to review and sign the determination, although no time frame for such review and signature is set forth (18 NYCRR 432.2 [b] [3] [v]). Here, however, no supervisor has ever signed the "Follow-up Report”.
Although petitioner takes the position that notice must be given within the 90 days, the regulations seem to provide that notice of an "indicated” report be given to the subject of the report within seven days after that determination is rendered (see, 18 NYCRR 432.2 [b] [3] [vii]; [d]; [e] [3] [x]). Inasmuch as petitioner here apparently did not receive such notice until on or about the time this proceeding was commenced, such notice was not given within the required seven days.
Without condoning these irregularities, the court nevertheless concludes that respondent Monroe County Department of Social Services fulfilled the basic statutory requirement set forth in Social Services Law § 424 (7) by having rendered, on the ninetieth day following the initial report, a determination that based on its investigation the alleged abuse was "indicated”.
Significantly, the statute requires that the expungement sought by petitioner is to be granted unless an investigation results in a finding that some credible evidence of the alleged abuse exists (Social Services Law § 422 [5]). To grant expungement on the basis of the other irregularities cited by petitioner where in fact credible evidence of the abuse has been found, would be an unwarranted expansion of Social Services Law § 422 (5).
In construing the above statutory provisions the court has been guided by the purposes of this legislation as set forth in Social Services Law § 411 as follows: "Abused and maltreated children in this state are in urgent need of an effective child protective service to prevent them from suffering further injury and impairment. It is the purpose of this title to *143 encourage more complete reporting of suspected child abuse and maltreatment and to establish in each county of the state a child protective service capable of investigating such reports swiftly and competently and capable of providing protection for the child or children from further abuse or maltreatment and rehabilitative services for the child or children and parents involved.”
These purposes seem to indicate that the time constraints imposed upon the Department are as much, if not more, for the benefit and protection of the child, as for the alleged perpetrator.
While the court is not unmindful of petitioner’s distress at being forced to wait longer than the 90 days to receive the Department’s decision in this matter, to grant expungement at this point, in the face of an indicated report of child abuse, would be contrary to the above-stated purposes of preventing further abuse and offering rehabilitative services to the parties involved.
Petitioner of course retains all of her administrative remedies with respect to the Department’s report, including her right to appeal to the Commissioner for expungement pursuant to Social Services Law § 422 (8). The court deems petitioner’s time to make such appeal to commence upon entry of the order embodying this decision.
The respondents’ motions to dismiss the petition are hereby granted.