■ In the Matter of ALENA D. and Others, Alleged to be Abused Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ALFRED D., Appellant.—Harvey, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered March 28, 1986, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Alena D. to be an abused child.

On this appeal, respondent claims that Family Court violated his due process rights by basing its determination on a preponderance of the evidence and, alternatively, that there was insufficient corroborative evidence to sustain the determination of abuse. In June 1985, petitioner commenced this proceeding against respondent, alleging that he subjected his three children to sexual abuse. The petition alleged that respondent, who had previously been charged with sexual abuse of a child, sexually abused his six-year-old daughter, Alena, on multiple occasions and exposed his two sons to this activity.

At the hearing, Alena's mother testified that, on July 10, 1985, after viewing a television program dealing with sexual abuse of children, Alena became very emotionally upset and revealed to her mother that respondent had forced her to engage in numerous sexual acts. Dr. Jer Lin, a pediatrician who examined the child on July 11, 1985, testified that the child's external genital area was red and irritated. Although he could not state with certainty the causes of these symptoms, he opined that they could have resulted from sexual abuse. He further testified that the child related to him the various sexual acts which her father allegedly forced upon her.

Also testifying for petitioner was Donna Guinane, a senior caseworker for petitioner's child protective services unit, who had interviewed the three children. She related the detailed nature of the acts which Alena had consistently described to her during their four interview sessions. Alena had used anatomically correct dolls and a "Good and Bad Touching" coloring book to help her communicate the alleged abuse. Guinane further testified that her interviews with the girl's brothers revealed that when they were all at respondent's home, it was not unusual for Alena to be inside alone with her father and that she was often dressed differently when the boys returned to the house.

Family Court determined that petitioner had established by

a preponderance of the evidence, sufficiently corroborated, that respondent sexually abused Alena. The allegations of abuse of the other two children, however, were not found to be supported by sufficient evidence. At the ensuing dispositional hearing, Family Court, *inter alia*, required respondent to seek counseling, terminated visitation and extended a protective order barring respondent from contacting Alena for one year. This appeal by respondent ensued.

Respondent first contends that Family Court Act § 1046 (b), authorizing a finding of child abuse on the basis of a preponderance of the evidence, is unconstitutional. We cannot agree. This court has previously addressed the same argument and found it unpersuasive *(Matter of Linda C.,* 86 AD2d 356; *cf. Matter of Tammie Z.,* 66 NY2d 1).

Next, respondent asserts that there was insufficient evidence to corroborate Alena's testimony. The level of corroboration needed in child abuse and neglect proceedings is not as strict as that required for a criminal conviction *(Matter of Cindy JJ.,* 105 AD2d 189, 190-191). Indeed, the Legislature has recently amended the statutory corroboration requirement, evidencing its intent that a relatively low degree of corroborative evidence is sufficient in abuse proceedings (L 1985, ch 724; *see, Dutchess County Dept. of Social Servs. [Janet C.] v Bertha C.,* 130 Misc 2d 1043, 1045). Although corroboration is still required, "[a]ny other evidence tending to support the reliability of the [child's] previous statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi], as amended by L 1985, ch 724).

Here, there was medical evidence which, although not conclusive, tended to support Alena's statements. Further, Alena's brother told the caseworker that Alena was kept inside by respondent when the boys went out to play and that she was often dressed differently when they returned. Alena's brother also indicated that he might have seen respondent molesting Alena. There was also testimony of behavioral changes by Alena which were consistent with the alleged abuse *(see, Matter of Tantalyn TT.,* 115 AD2d 799, 801). We conclude that, viewing the evidence cumulatively *(see, Matter of Maria A.,* 118 AD2d 641, 642), there was sufficient corroboration of the child's statements.

Order affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.