■ In the Matter of FRANCIS CHARLES W., JR., and Others.— Order unanimously affirmed, without costs. Memorandum: In this proceeding under Family Court Act article 10 to determine whether respondent had sexually abused her children, the court properly admitted the affidavits of a Sheriff's Department investigator which recited the children's out-of-court statements describing acts of sexual abuse. Those affidavits were admissible under Family Court Act § 1046 (a) (iv) as memoranda of the investigator's interviews with the children and the children's statements contained therein were admissible under Family Court Act § 1046 (a) (vi).

The children's statements were sufficiently corroborated and the court thus properly sustained the allegations of abuse against respondent. Corroborative evidence is "[a]ny other evidence tending to support the reliability of" the child's out-of-court statement (Family Ct Act § 1046 [a] [vi]). Here, the statement of each child, while insufficient standing alone to sustain the petition, tends to support the reliability of the others *(Matter of Tantalyn TT.,* 115 AD2d 799, 801; *Matter of Cindy JJ.,* 105 AD2d 189, 190-191). This is especially true with respect to the eldest child's statement describing acts of abuse committed by respondent against his brothers *(see, Matter of Cindy JJ., supra).* Additional corroboration is supplied by the evidence that the eldest child made separate statements to two witnesses, each of whom testified credibly about such statements *(see, Matter of Michael G.,* 129 Misc 2d 186, 191-192; *see also, Matter of Jennifer Maria G.,* 112 AD2d 755, 756, *mot to dismiss appeal granted* 66 NY2d 1035). Finally, the testimony of Merlene White enhanced the reliability of the children's statements. White testified that she observed respondent's youngest children, ages 6½ and 4½, place their hands under her shirt and play with her breasts for 5 to 10 minutes without respondent saying anything to the children or making any effort to interfere. This evidence of sexual abuse *(see,* Family Ct Act § 1012 [e] [iii]; Penal Law § 130.00 [3]; § 130.65) strengthens and confirms the reliability of the children's statements and reveals respondent's "distorted notion" of her role as a parent *(Matter of Cindy JJ., supra).* (Appeal from order of Onondaga County Family Court, McLaughlin, J.—sexual abuse.) Present—Dillon, P. J., Doerr, Denman, Pine and Lawton, JJ.