■ In the Matter of Starr H. and Others, Children Alleged to be Abused. (Appeal No. 1.)—Appeal unanimously dismissed without costs as academic (see, Kurtis v Allstate Ins. Co., 43 AD2d 954; Gorfinkel v First Natl. Bank, 19 AD2d 903, affd 15 NY2d 711). (Appeal from order of Erie County Family Court, Honan, J.—sexual abuse.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.

■ In the Matter of Starr H. and Others, Children Alleged to be Abused. (Appeal No. 2.)—Orders unanimously reversed on the facts without costs, petition reinstated and matter remitted to Erie County Family Court for further proceedings, in accordance with the following memorandum: In this child protective proceeding under Family Court Act article 10, petitioner alleged that Starr H. was an abused child, having been sexually abused by respondent Paul E., her mother's live-in boyfriend. Following a fact-finding hearing, Family Court dismissed the petition without stating the grounds for its action as required by Family Court Act § 1051 (c). We reverse. On our review of the record we find that on November 27, 1988 respondent, Paul E., engaged in digital manipulation of the vagina of the 12-year-old child, Starr H., and thus she is an abused child as defined by Family Court Act § 1012 (e) (iii).

Petitioner presented four witnesses at the fact-finding hearing: Starr's teacher, a physician who examined the child two days after the alleged abuse, the child's therapist, and a child protective worker. Each witness testified to out-of-court statements made by Starr detailing the sexual abuse by respondent. These statements, if corroborated by "[a]ny other evidence tending to support" their reliability, were sufficient to support a finding of abuse (Family Ct Act § 1046 [a] [vi]). Starr gave nearly identical accounts of the incident to each witness, describing digital manipulation of her vagina accompanied by respondent's instruction to lick his penis "like an ice cream cone." All of the witnesses at the hearing, including respondents, testified that Starr is a truthful child, and there is no suggestion that she had any motive to make false accusations against respondent. The fact that Starr made consistent statements on separate occasions to four different witnesses, each of whom testified credibly about the statements, tends to support their reliability (see, Matter of Francis Charles W., 126 AD2d 936, affd 71 NY2d 112, rearg denied 71 NY2d 890).

Further corroboration was supplied by medical evidence of abnormalities in the child's vaginal area, which supported the physician's expert opinion that she had been sexually abused. The child's therapist also offered his expert opinion that Starr had been sexually abused, based on the consistency and detail of the child's account and the absence of any satisfactory explanation for her knowledge of sexual behavior other than firsthand experience (see, Matter of Nicole V., 71 NY2d 112, 121). The respondent, an admitted alcoholic who had been drinking on the night of the incident, offered only a general denial of the allegations.

With respect to Starr's siblings, who were also subjects of the abuse petition, we find the evidence that Starr was sexually abused, standing alone, insufficient to support a finding that the other children were abused (see, Matter of Cindy B., 122 Misc 2d 395, 397-398).

Accordingly, we remit the matter to Family Court for a dispositional hearing to be held before a different Judge. Pending the hearing, the stay granted June 29, 1989 shall remain in effect. (Appeal from orders of Erie County Family Court, Honan, J.—child abuse.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.