OPINION OF THE COURT
John R. LaCava, J.
This is a CPLR article 78 proceeding in which petitioner seeks to have child abuse investigation records expunged from the offices of the New York State Central Register (Central Register) and the Westchester County Department of Social Services, Child Protective Services (CPS) which relate to an investigation into alleged child abuse by the petitioner against his daughter and son. Incidental to that relief, he also seeks an order prohibiting all respondents from interfering with contact and visitation between himself and his children. In relation to a prior expungement of his records, he also seeks to compel the Central Register to fully explain the circumstances surrounding that prior expungement. Lastly, petitioner seeks counsel fees.
On or about February 5, 1988 the Central Register received a report of alleged sexual abuse and maltreatment by petitioner in relation to his daughter and son. Allegations regarding maltreatment by petitioner’s wife were also received. The two reports were assigned Central Register Number 820956. They were forwarded to CPS for an investigation into the allegations as provided for in section 424 of the Social Services Law. In October 1988 a letter was sent from the Central Register to petitioner and his wife at what was formerly the marital abode in which it was stated that the allegations were "unfounded”. Petitioner, who at the time had no longer been living at that address, apparently did not receive a copy of that correspondence until sometime later. In March 1989 petitioner wrote to the Central Register seeking all documents and information concerning Central Register Number 820956. In response, he received a letter dated "3/89” from respondent Berman, Director of the Central Register, in which Berman informed petitioner that a search of the files relating to Register Number 820956 revealed that the records had been expunged. This information, however, was apparently in error. As a result of a former "unfounded” determination as to an allegation against the petitioner’s wife, all reference to the records identified by the Register Number 820956 incorrectly indicated that an "unfounded” determination had been made as to all allegations against both petitioner and his wife. This *833 apparently erroneous information prompted petitioner to seek information regarding the circumstances surrounding the ex-pungement. He, therefore, wrote to the Central Register on March 19, 1989. Sometime in March 1989, however, and apparently after Berman’s letter of ”3/89”, the Central Register became aware that the "unfounded” status of the allegations against petitioner was erroneous. A reconstruction of the file was ordered. On March 17, 1989 the CPS rendered a determination that the allegations were "indicated” as against petitioner. After having learned of this, petitioner requested information surrounding the re-creation of his file in a letter dated March 25, 1989. Not having received a written response, on May 31, 1989 petitioner again requested a copy of all documents in his file and answers to his previously asked yet unanswered questions. He also requested that his records be expunged. By letter dated June 1, 1989 Berman informed petitioner that the expungement was in error since there had been a determination that the reports as against him were "indicated”. Petitioner was also informed at that time that the records were reconstructed from resubmitted information supplied by CPS. Along with the June 1, 1989 letter, all information in petitioner’s file was forwarded to him. Included was the CPS "follow-up report” dated March 17, 1989 in which reference was made to a finding that petitioner’s daughter had been "validated” for sexual abuse and in which it was determined that petitioner was "indicated” for neglect and sexual abuse. In his letter of June 12, 1989 petitioner again sought expungement of his records. The expungement request was denied on October 12, 1989. A fair hearing was scheduled for November 16, 1989.
The justification for the relief sought in the nature of mandamus as against the Central Register and CPS is based strictly on procedural improprieties. Section 424 (7) of the Social Services Law provides the following:
"Each child protective service shall * * *
"7. determine, within ninety days, whether the report is 'indicated’ or 'unfounded’[.]”
18 NYCRR 432.2 (b) (3) (iv) provides: "The child protective service shall have the sole responsibility for making a determination within 90 days after receiving the report as to whether there is some credible evidence of child abuse and/or maltreatment so as to either indicate or unfound a report of child abuse and/or maltreatment.”
*834 Here, an initial report alleging sexual abuse and maltreatment by petitioner was received by the Central Register on or about February 5, 1988. The "indicated” determination was made by CPS on March 17, 1989 — a period in excess of 13 months. It is unknown to what extent this delay was caused by any unique facts or special circumstances surrounding the investigation. The respondents do not address it. To the extent that any delay can be attributed to any administrative mix-up is also unknown. Likewise, that is not addressed by the respondents.
In addition to the untimeliness of the "indicated” determination, petitioner asserts that the scheduling of his "fair hearing” pursuant to section 422 (8) (a) (i) of the Social Services Law was also untimely. The initial 90-day period provided for in that section concerns itself with the timeliness of petitioner’s request for expungement. His request was timely, having been made within 90 days from the date that he was notified of the "indicated” status of his reports. The remaining portion of that section provides the following: "If the commissioner does not amend or expunge the report in accordance with such request within ninety days of receiving the request, the subject shall have the right to a fair hearing, held in accordance with paragraph (b) of this subdivision, to determine whether the record of the report in the central register should be amended or expunged on the grounds that it is inaccurate or it is being maintained in a manner inconsistent with this title.”
In the absence of a determination within 90 days of the request to amend or expunge, the sole remedy accorded petitioner is to have a "fair hearing”. The tardiness of the Commissioner’s determination here, therefore, does not form the basis for an expungement; rather, it forms the basis upon which petitioner could have compelled the respondents to hold a "fair hearing”.
"An article 78 proceeding in the nature of mandamus does > not lie unless the act sought to be compelled is ministerial, nondiscretionary and nonjudgmental, and is premised upon specific statutory authority mandating performance in a specified manner” (Peirez v Caso, 72 AD2d 797 [2d Dept 1979]). The court has reviewed the Social Services Law and the applicable sections of the New York Codes, Rules and Regulations. There is no legislative support for the relief petitioner seeks. Although the procedures which are to be followed are set forth and the time during which they are to be performed, there are *835 no legislated remedies or sanctions provided for failure to abide by those rules which would warrant expungement of petitioner’s records. The sole remedy accorded an alleged abuser is the right to have a "fair hearing” so that a determination can be made on the merits after affording the petitioner an opportunity to be heard.
In the absence of clear legislative authority, the court will not infer that expungement of petitioner’s "indicated” records is an appropriate remedy for the above-mentioned and other irregularities cited by the petitioner. If the Legislature had intended to accord alleged abusers rights similar to those accorded criminal defendants they would have so provided (see, CPL 30.10, 30.30).
Respondents Central Register and CPS have fulfilled their primary duties which are to investigate allegations of abuse and to determine whether the reports are "indicated” or "unfounded”. Having done so, this court will not interfere with that determination on the basis of the procedural improprieties alleged herein (see, Rasberry v Perales, 132 Misc 2d 140, affd 127 AD2d 1015). The sole event which can result in expungement of petitioner’s "indicated” records is an "unfounded” determination made after the initial CPS investigation, the Commissioner’s review, or a "fair hearing”.
Were these proceedings commenced prior to the "indicated” determination in which it was found that "some credible evidence of alleged abuse or maltreatment exists” (Social Services Law §412 [11]) the court’s determination may have been different. Having been commenced subsequent to an "indicated” finding, the sole remedy which the court can provide is to compel respondents to hold a "fair hearing” which, it is noted, had been scheduled.
The court further recognizes that time schedules specified for the performance of certain acts by administrative agencies have been held to be directory (Matter of Geary v Commissioner of Motor Vehicles, 92 AD2d 38, 40 [4th Dept 1983], affd 59 NY2d 950 [1983]). Even upon a showing of a violation of the specified time constraints coupled with substantial prejudice, the administrative agency would not be ousted of jurisdiction. At most, it would constitute an erroneous exercise of authority (Matter of Geary v Commissioner of Motor Vehicles, 59 NY2d 950, supra; Matter of Sarkisian v State Div. of Human Rights, 48 NY2d 816, 818 [1979]). Here, contrary to the assertions of petitioner, the court does not find that *836 petitioner has been substantially prejudiced. Although he may have been kept from his children as a result of the investigation and determination of the respondent agencies, the final arbiter of custody and visitation is with the Supreme Court Justice who is presiding over the still pending divorce proceeding. Even if there were no determination rendered by the respondent agencies or even if they or the court expunged petitioner’s records due to procedural irregularities, the Justice presiding over the matrimonial action would not have been precluded from considering the merits of the alleged abuse in a de nova proceeding before him for the purposes of ruling on custody or visitation. As such, substantial prejudice has not been established.
Petitioner’s request for an order directing that his records be expunged from the Central Register and CPS is denied. Petitioner’s request for an order directing that the Central Register explain the circumstances surrounding the original erroneous expungement of his records is denied as moot. An adequate explanation has been provided in response to this proceeding. The additional allegation that petitioner was not adequately advised of his rights at the initiation of the investigation should appropriately be addressed at the "fair hearing” as should the extent to which that may have affected the merits of the investigation and the determinations based thereon.
In light of the determinations made herein, the court finds no merit to the remaining aspects of this petition. Accordingly, the petition is denied in its entirety except to the extent that respondents are directed to reschedule the "fair hearing” for a date within 30 days of the entry of this decision and order.