In the Matter of Katrina W. Roslyn W., Appellant; Suffolk County Department of Social Services, Respondent.

Second Department, November 4, 1991

**APPEARANCES OF COUNSEL**

*John Ray* for appellant.

*E. Thomas Boyle, County Attorney (Brian B. Mulholland* of counsel), for respondent.

*John F. Middlemiss (Jayne Ann McPartlin* of counsel), *Law Guardian.*

**OPINION OF THE COURT**

Per Curiam.

██ ██ In this child protective proceeding pursuant to Family Court Act article 10, the Family Court determined that the child Katrina W. was an "abused child" as defined by Family Court Act § 1012 (e) (iii) in that the appellant mother allowed her to be sexually abused by an older brother. The appellant contends that, in Family Court Act article 10 abuse proceedings, the preponderance of the evidence standard of proof does not afford procedural due process. Although the Court of Appeals expressly upheld the constitutionality of the preponderance of the evidence standard in Family Court Act article 10 neglect proceedings (*see, Matter of Tammie Z.,* 66 NY2d 1), the appellant contends that a higher standard of proof, such as clear and convincing evidence, is required where the allegations involve abuse. We find the appellant's arguments unpersuasive and conclude that the preponderance of the evidence standard of proof affords due process in Family Court Act article 10 abuse proceedings. We further find that the petitioner met its burden of proof in this case, and affirm the order of disposition.

## I

██ Family Court Act § 1046 (b) (i) provides that any determination that a child is abused or neglected, made after a fact-finding hearing, must be based on a preponderance of the evidence. In *Matter of Tammie Z. (supra)* the Court of Appeals held that the requirement that a finding of neglect must be based on a preponderance of the evidence affords due process under the Federal Constitution. Since the court's holding did not explicitly refer to findings of abuse, the appellant contends that a viable issue exists as to whether the statutory standard of proof satisfies due process in abuse proceedings. We note that dicta in cases following *Matter of Tammie Z.,* do not support the proposition that a different standard of proof is required in abuse cases (*see, e.g., Matter of Nicole V.,* 71 NY2d 112 [a finding of abuse or neglect need only be supported by a preponderance of the evidence standard]; *Matter of Linda K.,* 132 AD2d 149 [a finding of neglect or abuse must be based on a preponderance of the evidence, rather than clear and convincing evidence standard]; *Matter of Ryan D.,* 131 AD2d 569 [in a child abuse proceeding, the trial court erroneously applied a clear and convincing standard of proof instead of a

preponderance of the evidence]). Nevertheless, we take this opportunity to address the issue and to concur with the determination of the Appellate Division, Third Department, that a preponderance of the evidence standard in abuse cases does not offend due process (see, Matter of Alena D., 125 AD2d 753).

A determination as to the nature of the process that is due requires a balancing of three factors: "the private interests affected by the proceeding; the risk of error created by the State's chosen procedure; and the countervailing governmental interest supporting use of the challenged procedure" (Santosky v Kramer, 455 US 745, 754; see, Mathews v Eldridge, 424 US 319, 335; see also, Matter of Medicon Diagnostic Labs. v Perales, 74 NY2d 539, 546). The appellant relies primarily on the reasoning in Santosky, which held that the preponderance of the evidence standard of proof in a termination of parental rights proceeding pursuant to Family Court Act article 6 violated due process. In Santosky, the natural parents' fundamental interest in the care and custody of their child was given great weight, and the parents and child were found to share a common interest in preventing an erroneous termination of their relationship. The court considered, among other factors, that the consequences to the parents of an erroneous determination were irrevocable, that the standards in termination of parental rights proceedings were often imprecise and open to a Judge's subjective beliefs, and that the State had access to greater litigation resources. The court concluded that the preponderance of the evidence standard was unfair because it allocated the risk of an erroneous determination equally between the parents and the State and that placing a higher burden of proof on the State would not be inconsistent with its goal, as parens patriae, of providing the child with a permanent home.

The appellant contends that the factors considered by the court in Santosky (supra), particularly the natural parents' interest in preservation of the family, are similarly present in an abuse proceeding, and thus due process mandates a higher standard of proof. However, as indicated in Matter of Tammie Z. (66 NY2d 1, supra), this interest is not as compelling in a proceeding pursuant to Family Court Act article 10 since sustaining the petition results in placement of the child for an initial maximum period of one year (see, Family Ct Act § 1055 [b] [i], as amended by L 1989, ch 458, § 2 [eff Nov. 1, 1989]), rather than in an irrevocable termination of parental rights.

Furthermore, in an article 10 proceeding, the State's *parens patriae* interest in promoting the welfare of the child takes on additional significance since an erroneous failure to place the child could have disastrous consequences. In contrast, in an article 6 proceeding, the child has been in the care of an authorized agency for a year, and the erroneous dismissal of a permanent neglect petition results in maintenance of the status quo *(see also, Matter of Linda K.,* 132 AD2d 149, *supra).*

Nevertheless, the appellant contends that there are certain aspects of an abuse proceeding which were not considered in *Matter of Tammie Z.,* and which affect the weight to be accorded to the interests of the natural parents. For example, in a proceeding involving allegations of sexual abuse, there must be a fact-finding as to the particular criminal offense committed *(see,* Family Ct Act § 1051 [e]), yet the respondent does not have the procedural protections of a criminal proceeding. Furthermore, since Family Court Act § 1052 provides that any subsequent finding of abuse may result in institution of a termination of parental rights proceeding pursuant to Social Services Law § 384-b, there is a threat of the permanent termination of parental rights. Finally, the appellant contends that the added stigma of a finding of abuse weighs in favor of placing a higher burden of proof on the State.

■ We do not find these considerations to be significant. Although the fact-finding order in a sexual abuse case must state the particular sex offense involved as defined by the Penal Law, a finding of sexual abuse, which is based on less rigid rules of hearsay and corroboration than in a criminal proceeding, does not subject a parent to criminal sanctions *(see, Matter of Nicole V.,* 71 NY2d 112, *supra; see also Matter of Linda K.,* 132 AD2d 149, *supra; Matter of T. G.,* 128 Misc 2d 914). While a subsequent criminal proceeding is, of course, a possibility, any such proceeding would be completely independent *(see, Matter of Diane P.,* 110 AD2d 354). Further, while a finding of repeated abuse may form the basis of a termination of parental rights proceeding under Social Services Law § 384-b (4) (e), in such a proceeding the petitioning agency would have the enhanced burden of proving its case by clear and convincing evidence *(see,* Social Services Law § 384-b [3] [g]). Finally, we reject the appellant's argument that the stigma which attaches to a finding of abuse is sufficiently greater than the stigma of a finding of neglect so as to require a higher burden of proof.

In sum, we do not find that the factors relied upon by the

appellant significantly affect the weight to be accorded the parents' interests in an abuse proceeding, while, in contrast, the State's *parens patriae* interest in promoting the welfare of the child is even more compelling where the petition alleges abuse. Family Court Act article 10 proceedings provide a vehicle for the State to intervene against the wishes of the parents on behalf of the child (Family Ct Act § 1011), and the result of an erroneous failure to remove a child from the home may be horrendous. We find no due process violation in a standard of proof which equally allocates the risk of an erroneous determination between the State on behalf of the child and the parents *(see, Matter of Alena D.,* 125 AD2d 753, *supra; Matter of Linda C.,* 86 AD2d 356; *Matter of T. G., supra; cf., Matter of Christine H.,* 114 Misc 2d 475).

## II

The appellant argues that, even under the preponderance of the evidence standard, the petitioning agency failed to meet its burden of proof. We disagree. At the fact-finding hearing, a pediatrician who was qualified as an expert in pediatric sexual abuse testified that his examination of Katrina, then age eight, revealed that she had an enlarged hymenal opening for her stage of development, and scarring of the vaginal tissue. These findings were consistent with intercourse with a male, and he concluded with a reasonable degree of medical certainty that Katrina had been sexually abused. A guidance counselor at Katrina's school testified that Katrina told her that her brother, who was then 15 years old, touched her private parts. Katrina told the counselor that her brother made her remove her clothes and then got on top of her and hurt her. Katrina said it had happened a lot of times and used the word "raping" to describe what had happened to her. Katrina also told the counselor that she told her mother about this. The appellant, Katrina's mother, testified that Katrina told her in 1988 that her brother touched her chest, and she had reported it to a Child Protective Services worker and a family priest. The appellant said that Katrina did not tell her about having sexual intercourse with her brother and responded "no" when asked if Katrina needed protection from her brother. Although the brother went to live with relatives the day after the guidance counselor reported Katrina's statements to Child Protective Services, he returned to the household a few days before commencement of the fact-finding hearing.

We find that the medical evidence was sufficient to corroborate Katrina's unsworn statements that she had been sexually abused by her brother (see, Matter of Nicole V., 71 NY2d 112, supra; Matter of Cleo K-H, 172 AD2d 524; Family Ct Act § 1046 [a] [vi]). Furthermore, the appellant's testimony supported the court's finding that she was unwilling or unable to protect Katrina from the abuse. Accordingly, we find that the petitioner established by a preponderance of the evidence that Katrina is an abused child (see, Family Ct Act § 1012 [e] [iii]).

## III

The appellant further contends that the evidence presented at the dispositional hearing was insufficient to support the order placing Katrina with the agency for a year. The dispositional hearing was held approximately three weeks after the fact-finding hearing. The County Attorney and the attorney for the appellant indicated that they did not intend to call any witnesses. The Law Guardian at first sought an adjournment to call witnesses but, following an off-the-record conference in chambers, declined to call any witnesses. The County Attorney then recommended that Katrina be removed from the home, and the Law Guardian concurred, stating that since the brother was still present in the home, removal was necessary to insure Katrina's safety. The appellant's attorney argued that the mother was placed in the position of choosing between which 1 of her 2 children could continue to live with her and that the preponderance of the evidence standard of proof was unconstitutional. No witnesses were called on behalf of the appellant. The court adopted the findings of fact from the previous hearing and determined that an order of protection was not viable since the brother still lived in the home. Since the appellant indicated during her testimony at the fact-finding hearing that she did not believe that Katrina needed protection from her brother, the court concluded that it would be in Katrina's best interest to remove her from the home.

Family Court Act § 1052 (b) (i) provides that, before a child is placed with the petitioning agency, the court shall determine whether "continuation in the child's home would be contrary to the best interests of the child and where appropriate, that reasonable efforts were made prior to the date of the dispositional hearing * * * to prevent or eliminate the need for removal of the child". The purpose of a dispositional hearing is to inquire into the capacity of the parties to

properly supervise the child based on current information *(see, Matter of Faith AA.,* 139 AD2d 22; *Matter of Marsha B. F.,* 110 AD2d 549), and due process requires that the parties be provided an adequate opportunity to offer evidence *(see, Matter of John S. [Lillis R.],* — AD2d — [2d Dept, July 15, 1991]). It is apparent from the record that the appellant was provided an opportunity to offer evidence. While we do not approve of the failure to hold a full dispositional hearing, we find that, under the circumstances of this case, there was sufficient information available to the court to make a reasoned decision as to the appellant's present capacity to care for Katrina *(cf., Matter of Marsha B. F., supra).*

Accordingly, the dispositional order is affirmed.

SULLIVAN, J. P., EIBER, BALLETTA and O'BRIEN, JJ., concur.

Ordered that the dispositional order is affirmed, without costs or disbursements.