■ In the Matter of SKYE B. STEVEN B., Appellant.—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Queens County (DePhillips, J.), dated December 20, 1990, which, after a hearing, sustained allegations that he sexually abused his daughter, and (2) an order of disposition of the same court, dated February 14, 1991, which, inter alia, conditioned his visitation with his daughter upon his cooperation with a counseling referral, and directed that visitation be supervised for one year.

Ordered that the appeal from the order dated December 20, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order of disposition dated February 14, 1991; and it is further,

Ordered that the order of disposition dated February 14, 1991, is affirmed, without costs or disbursements.

The Family Court's determination that the appellant father had sexually abused his daughter is supported by a preponder-

ance of the evidence *(see,* Family Ct Act § 1046 [b] [i]; *Matter of Nicole V.,* 71 NY2d 112; *Matter of Tammie Z.,* 66 NY2d 1). The validating testimony of the child abuse expert constituted sufficient corroboration of the child's out-of-court statements *(see, Matter of Nicole V., supra; Matter of Linda K.,* 132 AD2d 149). Moreover, where as here, the hearing court was confronted primarily with issues of credibility, its factual findings must be accorded great weight on appeal *(see, Matter of Irene O.,* 38 NY2d 776; *Matter of Cleo K-H,* 172 AD2d 524). We find no basis in the record before us to disturb the court's resolution of those issues. In addition, the absence of physical evidence did not preclude a finding of sexual abuse *(see, Matter of Linda K., supra).*

Furthermore, the Family Court did not improvidently exercise its discretion when it denied the appellant's request that an expert of his own choosing be permitted to perform a second validation assessment of the child *(see,* Family Ct Act § 1038 [c]; *Matter of Jessica R.,* 78 NY2d 1031). Additionally, the failure of the Commissioner of Social Services to inform the appellant within the statutorily-allotted time whether the report was "indicated" or "unfounded" *(see,* Social Services Law § 424 [7]), did not require the outright dismissal of the petition *(see, Lazich v Perales,* 146 Misc 2d 831; *see also,* Social Services Law § 422 [8] [a] [i]).

We have examined the appellant's remaining contention and find it to be without merit. Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.