■ In the Matter of DANIELLE YY. and Others, Children Alleged to be Neglected. THOMAS W. ROACH, JR., as Commissioner of the Ulster County Department of Social Services, Respondent; PIERRE YY., Appellant. (Proceeding No. 1.) In the Matter of DANIELLE YY. and Another, Children Alleged to be Abused. THOMAS W. ROACH, JR., as Commissioner of the Ulster County Department of Social Services, Respondent; PIERRE YY., Appellant. (Proceeding No. 2.)—Harvey, J. Appeal from an order of the Family Court of Ulster County (Peters, J.), entered August 8, 1990, which granted petitioner's amended applications, in proceedings pursuant to Family Court Act article 10, to adjudicate two of respondent's children to be abused and three of respondent's children to be neglected.

Respondent and Donna YY. are the parents of three daughters, Michelle (born in 1980), Gabrielle (born in 1982) and Danielle (born in 1988). After marital problems arose, Donna left respondent and respondent assumed sole responsibility for the children. At that point, respondent and the children were living in a motel located in the Town of Newburgh, Ulster County. When it was discovered in August 1988 that respondent had left Gabrielle alone in the motel while she was very sick without taking her to a doctor or making sure that she was properly cared for, the children were placed in Donna's custody. In October 1988, a report that Danielle had been sexually abused by respondent was received by the Ulster

County Department of Social Services. In November 1988, petitions were filed alleging that respondent had abused or neglected Danielle. These petitions were amended to include allegations of abuse and/or neglect against all three children. Family Court ordered that a validation evaluation of the children be conducted by Donna Zulch, a certified social worker and expert in the field. Eventually the children were removed from Donna's custody and placed in foster care after allegations that Danielle was also sexually abused by Donna's paramour surfaced and Donna refused to take steps to protect the children. The validation reports by Zulch concluded, *inter alia,* that all three children suffered from child sexual abuse syndrome.

Following a fact-finding hearing at which detailed accounts of neglect and/or abuse of the children by respondent were presented, Family Court found that respondent abused and neglected his children. Specifically, the court found that Danielle and Michelle were sexually abused, that Gabrielle was not provided proper supervision and guardianship and that all three children were subjected to excessive corporal punishment. This appeal by respondent followed.

We affirm. In our view, Family Court's findings of abuse and neglect perpetrated by respondent were supported by a preponderance of the evidence. Turning first to the findings that respondent sexually abused Danielle and Michelle, we find that, viewed cumulatively, the proof was more than sufficient to support the charges *(see, e.g., Matter of Alena D.,* 125 AD2d 753, 754, *lv denied* 69 NY2d 605). Not only did the children testify in camera regarding the alleged sexual abuse by respondent, but their out-of-court statements to caseworkers, physicians and others were validated by Zulch, a child abuse expert *(see, Matter of Skye B.,* 185 AD2d 880), as well as by other expert evidence. Notably, each child's testimony could also be used to corroborate that of the others *(see, Matter of Dutchess County Dept. of Social Servs. v Margaret F.,* 186 AD2d 255; *Matter of Scott X.,* 184 AD2d 866, 868). Significantly, even respondent's own expert admitted that the validation report regarding Danielle was "compelling evidence" that the child was abused and that respondent's personality was consistent with a "potential sex abuser". Given the substantive proof advanced to corroborate the children's out-of-court statements of abuse, including their own in camera, unsworn but cross-examined testimony *(see, Matter of Christina F.,* 74 NY2d 532, 535), we find that Family Court did not abuse its considerable discretion in deciding that the out-of-court state-

ments were corroborated *(see, Matter of Nicole V.,* 71 NY2d 112, 119).

Next, we find no error with respect to Family Court's findings of neglect *(see,* Family Ct Act § 1012 [f]). Regarding the allegations of excessive corporal punishment, we note that respondent admitted spanking one daughter so hard that his "hand hurt" and throwing another daughter down on the bed so hard that she hit her head on the cross board, causing injuries. Respondent also testified that he hit Danielle with a belt and that he hit Danielle and Michelle with a switch. Michelle testified that respondent hit her a lot and the saddest time in her life was when respondent hurt Gabrielle by throwing her on the bed. We find the foregoing factors more than sufficient to support a finding that respondent neglected the children by inflicting excessive corporal punishment upon them *(see,* Family Ct Act § 1012 [f]; *Matter of Westchester County Dept. of Social Servs. [Barbara H.],* 185 AD2d 821, 822).

With respect to the other charges of neglect, there was ample evidence to establish that respondent left Danielle alone and unsupervised in a dirty, cramped motel room while she was ill and running a fever. Significantly, respondent admitted leaving Gabrielle home alone while she was ill and not calling to ensure that she was being supervised by a neighbor. Although respondent also attempted to downplay the instances in which he struck the children and gave other self-serving explanations for his behavior, Family Court acted within its discretion in resolving these credibility issues against respondent *(see, Matter of Cleo K.-H.,* 172 AD2d 524, *appeal dismissed* 78 NY2d 941, *cert denied sub nom. Chung v New York City Dept. of Social Servs.,* — US —, 112 S Ct 894).

The remaining arguments advanced by respondent have been considered and rejected. We find no abuse of discretion in Family Court's refusal to order a second psychological examination of the children *(see, Matter of Jessica R.,* 78 NY2d 1031, 1033-1034). In light of the persuasive evidence that at least Danielle and Gabrielle had been sexually abused, along with the opinion of the children's psychologist that additional validation interviews would only "compound the tragedy" and be "insensitive to the therapeutic process", we cannot fault Family Court for determining that the potential harm of an additional examination outweighed any possible advantage *(see, supra).*

Yesawich Jr., J. P., Levine, Crew III and Mahoney, JJ., concur. Ordered that the order is affirmed, without costs.