■ In the Matter of MICHELLE I. et al., Children Alleged to be Abused and Neglected. DAVID CLOSKEY, as Commissioner of the Chemung County Department of Social Services, Respondent; MATTHEW I., Appellant, et al., Respondent.—Harvey, J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered July 17, 1989, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondents' children to be abused.

Respondents, Matthew I. (hereinafter respondent) and Joann I. (hereinafter the mother), who were married in 1981, are the parents of several children, including Michelle (born in 1981), Jennifer (born in 1983), Denise (born in 1984), Beverly (born in 1985), Lois (born in 1986) and Matthew, Jr. (born in 1988). Beginning with a 1987 protective order issued by Family Court prohibiting respondent from having contact with the mother and his five daughters, the record is replete with petitions, testimony and reports detailing numerous allegations of abuse, neglect and molestation of the daughters by either or both of their parents. In November 1987, Family Court granted legal and physical custody of Beverly and Lois to their maternal grandmother, legal and physical custody of Michelle, Jennifer and Denise to the mother, and issued a protective order prohibiting respondent from having contact with the mother or unsupervised visitation with the daughters. These protective provisions were apparently violated and there was evidence of a continuing lack of proper care of the daughters because of domestic violence between respondents in the presence of the daughters and evidence indicating excessive corporal punishment of them by both respondents. Ultimately, a neglect proceeding against both respondents was commenced. Following a fact-finding hearing, a stipulation was entered into whereby, inter alia, an adjournment in contemplation of dismissal was granted to respondent, a finding that the mother was guilty of neglect was made and a decision was made granting physical and legal custody of the

daughters to the mother under a 12-month order of supervision.

When respondents failed to live up to their parental responsibilities, petitioner attempted to restore the neglect proceeding to the court calendar and Family Court entered an order granting temporary legal and physical custody of the daughters to petitioner. Subsequently, on March 6, 1989, a petition was filed against respondents alleging that the daughters and Matthew, Jr. were abused and neglected by respondents. A fact-finding hearing was held after which Family Court found, *inter alia,* that respondent had physically and sexually abused his children and the petition charging respondents with abuse of their children was sustained. The children were placed in petitioner's custody for a period of up to 12 months. This appeal by respondent alone followed.

We affirm. Contrary to respondent's contentions on appeal, we conclude that Family Court's finding of sexual abuse perpetrated by respondent upon his daughters was supported by a preponderance of the evidence. With respect to Jennifer and Beverly, we note that although a great deal of the evidence regarding their claims of abuse consisted of their out-of-court statements and actions which, by themselves, are insufficient to support a finding of abuse *(see,* Family Ct Act § 1046 [a] [vi]; *Matter of Department of Social Servs. [Anthony R.—Mary R.],* 175 AD2d 284, 285), "[a]ny other evidence tending to support the reliability of the [out-of-court] statements * * * shall be sufficient corroboration" (Family Ct Act § 1046 [a] [vi]; *see, Matter of Alena D.,* 125 AD2d 753, 754, *lv denied* 69 NY2d 605). Notably, hearsay statements made by siblings as well as medical testimony are sufficient to corroborate the abused child's statements *(see, Matter of Nicole V.,* 71 NY2d 112, 123-124; *Matter of Danielle YY.,* 188 AD2d 894; *Matter of Department of Social Servs. [Anthony R.—Mary R.], supra,* at 285).

Here, we find the evidence presented to be sufficient to corroborate Beverly and Jennifer's out-of-court statements and actions. Beverly's Head Start teacher related that Beverly told her that her father had touched her vagina with his penis and "hurt" her in the buttocks. Stephanie Lauretta, a child protective caseworker, testified that Beverly used anatomically correct dolls to demonstrate how respondent molested her sister Jennifer. Another caseworker testified that both Beverly and Jennifer used dolls to indicate further inappropriate behavior that respondent directed at them. Significantly, Jennifer's statements and actions indicating her agreement with those

made by Beverly were corroborative of the sexual abuse of both girls *(see, Matter of Nicole V., supra,* at 123-124; *Matter of Danielle YY., supra).* Moreover, a pediatrician who examined the girls testified that both girls exhibited redness in their labia and vulva regions, which was consistent with sexual abuse. While it is true that this evidence did not conclusively establish that Jennifer and Beverly had been sexually abused, it was sufficiently corroborative of the out-of-court statements and actions to support Family Court's findings *(see, Matter of Alena D., supra,* at 754; *Matter of Jennifer Maria G.,* 112 AD2d 755, 756, *mot to dismiss appeal granted* 66 NY2d 1035).

We additionally find no difficulty in concluding that there was sufficient evidence to support Family Court's finding that Michelle, Denise and Lois were also sexually abused. Unquestionably, the proof of abuse of Beverly and Jennifer was admissible evidence on the issue of the abuse of respondent's remaining daughters *(see,* Family Ct Act § 1046 [a] [i]; *Matter of Cindy JJ.,* 105 AD2d 189, 191). Although proof of abuse "is not necessarily conclusive as to the other children, it is relevant * * * and where a parent's distorted notion of his role as a parent is revealed, that proof takes on greater significance" *(Matter of Cindy JJ., supra,* at 191). In this case, not only was there proof that respondent had a distorted notion of his relationship with his daughters, there was also some medical evidence to support a finding that there was a substantial risk that his conduct which formed the basis of the findings of abuse concerning Beverly and Jennifer would continue to exist and threaten his remaining daughters.

The pediatrician who examined Michelle and Denise testified that Denise had redness of the vulva and labial adhesions found to be consistent with sexual abuse and that Michelle had an opening in her hymen that was twice as large as the average opening for a child of her age. While the pediatrician admitted that these circumstances could also have innocent explanations, he explained that the majority of the time such presence indicated the existence of sexual abuse. Additionally, we note that when medical personnel attempted to examine Lois, she became hysterical upon removal of her diapers and began screaming and shaking her head back and forth, repeatedly saying, "Daddy, no. Daddy, don't." A nurse present at this examination testified that Lois had a light, bluish colored bruise in her perianal area. Given all this evidence, we decline to disturb Family Court's finding that Michelle, Denise and Lois were abused.

The remaining contentions of the parties have been exam-

ined and found to be unpersuasive. Respondent's contention that the petition against him should be dismissed insofar as it refers to Matthew, Jr. is rejected. Although we agree that there is no evidence on the record that respondent's sexually aberrant behavior was directed at Matthew, Jr. or that Matthew, Jr. was affected by such misconduct *(see, Matter of Cindy JJ., supra,* at 191), we note that Family Court's findings of fact and conclusions of law contain specific conclusions of physical abuse of the child's siblings and not solely sexual abuse. Specifically, Family Court noted and credited evidence that both Beverly and Lois were bruised and hurt by respondent. Accordingly, while a finding of sexual abuse with reference to Matthew, Jr. might be improper *(see, supra)*, we have little difficulty in concluding that the proof of physical abuse as to Beverly and Lois supported a similar finding as to Matthew, Jr. *(see,* Family Ct Act § 1046 [a] [i]) given the overwhelming likelihood that the conditions leading to this abuse could be expected to exist in the foreseeable future *(see, Matter of F. Children,* 154 AD2d 594, 595, *lv denied* 78 NY2d 862; *Matter of James P.,* 137 AD2d 461, 464; *Matter of Cruz,* 121 AD2d 901, 902-903).

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.