■ In the Matter of JAMIE D., a Child Alleged to be Abused. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ROSE E., Appellant, et al., Respondent. [605 NYS2d 421] — Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered June 28, 1991, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the child of respondent Rose E. to be abused.

In this child protective proceeding, the mother of the child and the mother's paramour have been charged with sexually abusing Jamie D., almost four years of age at the time the proceeding was commenced.* Family Court ordered a validation evaluation of Jamie which was conducted by Wendy Hovey, a certified social worker and expert in the field. The validation reports concluded that both the mother and her paramour had sexually abused Jamie.

A fact-finding hearing was held. The proof of abuse presented consists of Jamie's out-of-court statements, observations of Jamie acting out sexually and demonstrating knowledge of sexual anatomy beyond her years, evidence of redness of her vaginal area and the validation testimony of Hovey. Based on the foregoing, Family Court found that Jamie was sexually abused by the mother and her paramour. Pursuant to Family Court's dispositional order Jamie was placed in the custody of petitioner for up to 12 months and Jamie was also ordered to receive counseling. The mother was also ordered to submit to Family Services counseling for her own past sexual abuse victimization and as a perpetrator of sexual abuse, and for parenting classes as well. This appeal by the mother ensued.

Petitioner contends that Jamie's out-of-court statements were not sufficiently corroborated by the validator and, therefore, the petition should not have been sustained. We affirm. The expert testimony offered here satisfied the corroboration

---

* The petition initially also named Jamie's father as a respondent but the petition against him was dismissed before the hearing in this matter.

requirements of Family Court Act § 1046 (a) (vi). Family Court's findings of sexual abuse perpetrated by the mother and her paramour were supported by a preponderance of evidence *(see, Matter of Nicole V.,* 71 NY2d 112; *Matter of Danielle YY.,* 188 AD2d 894, 896, *lv denied* 81 NY2d 706). We have examined the mother's remaining claims and find them to be without merit.

Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.

