Matter of Rihanna C.L. (Jamell A.L.) (2023 NY Slip Op 05790)

Matter of Rihanna C.L. (Jamell A.L.)

2023 NY Slip Op 05790

Decided on November 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 16, 2023

Before: Renwick, P.J., Kern, Gesmer, Shulman, O'Neill Levy, JJ. 

Docket No. NA-15691/21 Appeal No. 1032 Case No. 2022-04283 

[*1]In the Matter of Rihanna C.L., A Child Under Eighteen Years of Age, etc., Jamell A.L., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Jay A. Maller, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chase H. Mechanick of counsel), for respondent.
John R. Eyerman, New York, attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about September 1, 2022, which, after a fact-finding hearing, to the extent appealed from as limited by the briefs, denied respondent father visitation with the subject child and placed the child in foster care until the date of the next permanency hearing, unanimously affirmed, without costs.
The appeal is not moot because the order placed the child in foster care, and that placement may, in future proceedings, affect the father's status or parental rights (see Matter of Alexis AA. [John AA.], 97 AD3d 927, 928-929 [3d Dept 2012]).
Family Court was empowered to commence a dispositional hearing immediately upon completion of the fact-finding hearing (Family Court Act § 1047[a]). Furthermore, the father has failed to preserve his argument that Family Court failed to conduct a proper dispositional hearing, as the record establishes that the father participated without objection in the informal dispositional proceeding (see Matter of Kiera R. [Kinyetta R.], 99 AD3d 565, 566 [1st Dept 2012]; Matter of Alyssa G. [Miguel P.], 94 AD3d 995, 996 [2d Dept 2012], lv denied 19 NY3d 808 [2012]). We further find that the father was not denied due process at the hearing, as he was offered an adequate opportunity to offer evidence (see Matter of Katrina W., 171 AD2d 250, 257 [2d Dept 1991], lv denied 79 NY2d 976 [1992], cert denied 506 US 876 [1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 16, 2023