■ In the Matter of MARIA A. et al. CARIDAD A., et al., Respondents; COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Appellant.—In three consolidated proceedings pursuant to Family Court Act article 10, the petitioner, the Commissioner of Social Services of the City of New York, appeals from an order of the Family Court, Kings County (Rand, J.), dated November 13, 1985, which, after a fact-finding hearing, dismissed the petitions, without prejudice, and directed the petitioner to investigate the home in which the children reside.

Order modified, on the law and the facts, by deleting the provision thereof which dismissed the petition with respect to the child Maria A., and substituting therefor a provision adjudicating her a neglected child. As so modified, order affirmed, without costs or disbursements, and matter remitted to the Family Court, Kings County, for a dispositional hearing as to Maria A. In the interim, Maria A. is committed to the custody of the appellant.

The Family Court Act article 10 petitions in these consolidated cases alleged, *inter alia,* that the child Maria A. was the victim of sexual abuse, and that her brothers, David and William A., were in danger of becoming abused or neglected children due to the abuse of Maria. In support of the claim that Maria, who was eight years old when the instant proceedings were instituted, was the victim of sexual abuse, the petitioner adduced evidence that Maria suffered from urinary and fecal incontinence and a urinary infection, had a history of vaginal bleeding, suffered great anxiety, had a marked fear of men, expressed oppositional and defiant behavior, manifested considerable contentment while hospitalized and became emotionally upset when she was questioned about her home environment. A hospital psychiatrist, who gave testimony which was not controverted by any other medical expert, concluded that Maria was a sexually abused child. At the time she was hospitalized, there was no evidence that Maria was suffering vaginal bleeding; however, blood and nitrates were found in her urine and she was diagnosed as having a urinary tract infection.

At the close of the petitioner's case, the Family Court denied a motion to dismiss for failure to make out a prima facie case. The parents then presented their evidence. While we find that their testimony explaining the reasons for Maria's condition, on the surface, appears not to be credible, the mother suffered from severe language handicaps, and the father's over-expansive explanations must be judged in light of the serious suspicions suddenly cast upon him at the hearing. The Family Court Judge described the parents as being "extremely limited [and having] a very vague idea of reality in the courtroom", and dismissed the petitions after the fact-finding hearing on the ground that "the petitioner's case does not rise to the level of sexual abuse".

In our opinion, the petitioner established by a fair preponderance of the evidence *(see, Matter of Tammie Z.,* 66 NY2d 1) that Maria is a neglected child *(see,* Family Ct Act, § 1012 [f]). Viewed *cumulatively (Matter of Tammie Z.,* 105 AD2d 463, *affd* 66 NY2d 1, *supra)* the evidence shows that Maria suffers from extreme distress, the source of which is her home environment, and that she was neglectfully permitted to develop the various symptoms which were diagnosed upon her admission to the hospital. Under the circumstances, the petition is granted to the extent of finding Maria to be a neglected child, and the proceeding is remitted to the Family Court, Kings County, for a dispositional hearing. In the interim, Maria

shall be committed to the custody of the petitioner Commissioner of Social Services, who presently has custody *(see, Matter of Cynthia V.,* 94 AD2d 773).

We find the evidence insufficient to warrant a modification of the Family Court order with respect to Maria's brothers, David and William. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.