■ In the Matter of G. Children. Seirra G. et al., Respondents; Commissioner of Social Services of the City of New York, Appellant.—In five consolidated proceedings pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Kings County (Gallet, J.), dated August 5, 1986, which, after a fact-finding hearing, dismissed the proceedings.

Ordered that the order is modified, on the law and the facts, by (1) deleting the provision dismissing the proceeding with respect to the child Sandie G. and substituting therefor a provision granting the petition with respect to that child and adjudicating her an abused child, and (2) adding after the name Seirra G. the words "with respect to the remaining four children". As so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing as to the child Sandie G., to be held before another Judge; and in the interim, the child Sandie G. is committed to the care and custody of the petitioner.

This appeal concerns five petitions brought on behalf of the

respondents' five children alleging, *inter alia,* that the respondent Seirra G. (hereinafter the father) engaged in sexual intercourse with his daughter Sandie several times a week from sometime in 1983 when she was 12 years old, until sometime in 1984, when she left her father's home and went to live with her mother in Barbados. The petition further alleges that the father fondled the breasts of his adopted daughter Anna Marie, age 15, and that the respondent Iantha G. (hereinafter the mother), knew or should have known of the abuse but took no steps to protect the children. Finally, the petitions alleged that all of the children, including Jenette, age 10, Seirra, Jr., age 5, and Julian, age 2, are abused and/or neglected.

These proceedings arose upon Sandie's statement to a physician at the Woodhull Hospital emergency room on April 16, 1986, that her father had sexual intercourse with her. Sandie was admitted to the hospital for treatment of a condition diagnosed as pelvic inflammatory disease secondary to chlamydia, a venereal disease. Thereafter her report of abuse was investigated, and petitions were filed on behalf of all of the five children.

During the fact-finding hearing, the physician who examined Sandie in the emergency room testified that upon questioning, Sandie reluctantly admitted that her father engaged in sexual intercourse with her during 1983 and 1984, but she denied engaging in sexual activity with anyone other than her father. A medical expert testified that the type of chlamydia which Sandie contracted is sexually transmitted, and that the disease is asymptomatic, i.e., it may not appear in some women for over two years. Based upon the physical evidence of the advanced stage of the disease in Sandie, as well as her medical history, the expert stated that Sandie may have contracted chlamydia two or more years before her admission to Woodhull. Sandie's testimony under oath directly contrasted with the testimony of Anna Marie and the respondents, who essentially denied Sandie's allegations.

In our opinion, the petitioner established by a fair preponderance of the evidence that Sandie is an abused child *(see, e.g., Matter of Maria A.,* 118 AD2d 641). The physical evidence of Sandie's advanced disorder, the medical testimony, and the hospital records substantiated Sandie's consistent and detailed account of her father's repeated sexual abuse up until sometime in 1984. However, we find the evidence insufficient to warrant a modification of the Family Court order with respect to the remaining four children. We also agree with the Family

Court's finding that the petitioner did not establish by a preponderance of the evidence that the mother knew or should have known of the father's abusive acts and failed to protect the children (see, Family Ct Act § 1012 [e] [iii]; cf. Matter of Katherine C., 122 Misc 2d 276). Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.