■ In the Matter of BEVERLY WW., Alleged to be an Abused Child. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ORIN WW., Appellant. (Proceeding No. 1.) In the Matter of BEVERLY WW., Alleged to be a Neglected Child. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANN XX., Appellant. (Proceeding No. 2.)—Mikoll, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered November 23, 1987, which granted petitioner's applications, in two proceedings pursuant to Family Court Act article 10, to adjudicate respondents' child to be abused and neglected.

The issue presented on this appeal is whether there is sufficient corroborative evidence to support the child's out-of-court statements relative to abuse and neglect, although the child later recanted much of those statements before Family Court, variations existed in her several statements, and direct medical evidence of sexual abuse was lacking. We find there is sufficient corroborative evidence in the record as defined by Family Court Act § 1046 (a) (vi) to support Family Court's determination. A preponderance of the evidence established that the child, a girl, then seven years of age (but mentally five), was abused and neglected. The evidence establishes that respondent Orin WW., her father, was responsible for the abuse and respondent Ann XX., her mother, was responsible for the neglect. Accordingly, the order of Family Court should be affirmed.

On October 23, 1986, a report of suspected child abuse of the child was received by petitioner. The matter was assigned to a caseworker who obtained a statement from the child at her school in the presence of a teacher's aide. The child's statement revealed that, *inter alia,* the father "wakes [her] up at night and touches [her] potty place with 'his wiener' " and

that she "told [her] mom about dad touching me with his 'wiener' and she said that she would kick him out and call the cops but she didn't do it". The caseworker had also shown the child anatomical drawings of male and female figures, with genitalia. The caseworker said that the child voluntarily marked the figures and made drawings of a male sex organ concerning her statement describing sexual contact by her father.

Other evidence on this issue was gathered and petitioner filed separate petitions alleging that the child was sexually abused by her father and neglected by her mother. The separate proceedings were consolidated, hearings were held and Family Court issued a decision in November 1987 finding, *inter alia,* that the child was an abused child, under Family Court Act § 1012 (e) (iii), that the father was responsible for the abuse and that such conduct constituted the crime of sexual abuse in the first degree *(see,* Penal Law § 130.65 [3]). Further, Family Court found that as the mother was aware or should have been aware of the father's actions toward the child, the child was a neglected child *(see,* Family Ct Act § 1012 [f] [i] [B]) and that the mother was responsible for such neglect. Both the mother and father have appealed from the order entered upon Family Court's decision.

Expert testimony concerning behavior which is symptomatic of child sexual abuse and describing a child's reenactment of the alleged sexual abuse with the aid of anatomically correct dolls may be acceptable as corroborative evidence *(see, Matter of Alena D.,* 125 AD2d 753, *lv denied* 69 NY2d 605). Expert validation testimony may also be accepted as corroborative evidence *(see, Matter of Nicole V.,* 71 NY2d 112, 124). Here, the corroborative evidence presented included the caseworker's testimony previously mentioned. The evidence also included the testimony of an art psychotherapist, who stated that in her meetings with the child she used clay figures as a form of therapy, that the child used the clay to make a father figure complete with a penis, and when asked to discuss the penis part of the figure she became agitated. The psychotherapist also stated that the child's art work was that of a "classical sexual abuse victim". Other corroborative evidence consisted of the testimony of two psychologists. The first psychologist stated that the child was aware of male genitals, which may be indicative of nudity in the house. The second psychologist stated that the child told him the same story regarding abuse two or three times, that abused children sometimes will recant in court an earlier version of abuse, and

that he did not have any reason to believe that the child was lying to him. While the child recanted in court her earlier statements as to what happened, her in-court version contained some slips consistent with the theory that her story was changed due to pressure. Significantly, in her Grand Jury testimony the child said that she was told by her father to keep what happened between them a secret. Additionally, the mother admitted to the caseworker that she believed that the child had been sexually abused but that she believed it was at the hands of her brother and not the father.

Viewing the evidence produced at the hearings cumulatively *(see, Matter of Maria A.,* 118 AD2d 641, 642), we determine that sufficient corroboration of the child's out-of-court statements was presented and a preponderance of the evidence established that the child was an abused and neglected child *(see, Matter of Nicole V., supra,* at 117, 118-119).

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.