■ In the Matter of ELY P. et al. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; ANGELA P., Respondent; MICHAEL E., Respondent.—In three consolidated child protective proceedings pursuant to Family Court Act article 10, the Westchester County Department of Social Services appeals from so much of an order of the Family Court, Westchester County (Spitz, J.), entered December 5, 1988, as, after a hearing, dismissed those branches of three petitions which allege abuse and neglect of three children by Michael E.

Ordered that the order is reversed insofar as appealed from, on the facts, without costs or disbursements, the petitions are granted to the extent that the children are found to be abused and neglected by Michael E., and the matter is remitted to the Family Court, Westchester County, for a dispositional hearing.

The petitions in this case alleged, *inter alia,* that Michael E., the mother's "live-in boyfriend", physically abused two of her three children. A fact-finding hearing was held and the record includes testimony of the oldest child's therapist, his Law Guardian, a social worker, a detective who responded to the hospital after a report of potential child abuse was received, and the doctor who examined the two older children at the hospital. There is no dispute that those children, four and two years old at the time of the incidents, had been beaten and had numerous black and blue marks, some of which were elongated, on their lower extremities.

At the conclusion of the hearing, the Family Court sustained those branches of the petitions charging the children's mother with neglect but dismissed those branches of the petition as to Michael E., finding that there was insufficient corroboration of the eldest child's out-of-court statements and because additional evidence of abuse by Michael E. was lacking. We disagree.

The unsworn out-of-court statements of a child relating to any allegations of abuse are admissible at a fact-finding hearing and, if properly corroborated by "[a]ny other evidence tending to support [their] reliability", would sustain a fact finding of abuse or neglect (Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.,* 71 NY2d 112; *Matter of Erin G.,* 139 AD2d 737; *Matter of Linda K.,* 132 AD2d 149). We find that there were clear indications that the oldest child had been physically beaten. Those indications, along with the child's demonstration of the acts of physical abuse committed by Michael E. coupled with his statements during the demonstration that "Big Mike hit me" were sufficient to corroborate the numerous out-of-court statements he made to his therapist, his Law Guardian and teacher, the detective and the social worker handling his case regarding the physical abuse inflicted upon him by Michael E.

Viewing the evidence produced at the hearing cumulatively *(see, Matter of Maria A.,* 118 AD2d 641, 642; *Matter of Beverly WW.,* 159 AD2d 802), we determine that sufficient corroboration of the child's out-of-court statements existed and a preponderance of the evidence established that Michael E. had

abused and neglected him. As "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child" (Family Ct Act § 1046 [a] [i]), the proof of the abuse and neglect of the eldest child by Michael E. is sufficient under the circumstances of this case to warrant the finding that the other two children are also abused and neglected by him. The behavior of Michael E. "creates * * * a substantial risk of physical injury" to the other two children "by other than accidental means" (Family Ct Act § 1012 [e] [ii]), and he failed to exercise a minimum degree of care "in providing the child[ren] with proper supervision * * * by * * * allowing to be inflicted * * * a substantial risk [of harm]" (Family Ct Act § 1012 [f] [i] [B]; *see, Matter of James P.,* 137 AD2d 461). Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.