■ In the Matter of NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of ANNA H., Appellant. JULIETTE C. et al., Respondents.—In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of the Family Court, Nassau County (Medowar, J.),

dated April 15, 1991, which, after a fact-finding hearing, dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

On or about August 1990 a child abuse petition was filed by the Nassau County Department of Social Services alleging that the respondents had committed or allowed to be committed sex offenses against a four-year-old child, Anna. The petition named four respondents, i.e., Anna's mother, her father, her aunt and her mother's paramour.

At the fact-finding hearing it was established that in May 1990 Anna's mother, at a time when she was suffering from a serious illness, consented to giving legal guardianship of Anna to her sister. Subsequently, the two sisters argued about who was going to care for Anna. In August 1990 the aunt noticed a bruise on Anna's vagina and took her to the emergency room of Winthrop University Hospital.

The medical evidence presented at the hearing was equivocal and did not conclusively establish that Anna was a sexually-abused child (cf., Matter of Maria A., 118 AD2d 641). For example, the doctor who examined Anna when she was brought to the hospital testified that he could not be certain of the cause as to the superficial vaginal injury he observed. He testified that the injuries were consistent with the possibility of sexual abuse but that they were also consistent with explanations other than sexual abuse. Also, the child psychiatrist who evaluated Anna at Winthrop University Hospital testified that the agitation and guardedness she observed in Anna were symptoms that possibly could be explained by the bitter custody dispute that existed between her mother and aunt. Moreover, although Anna was interviewed and evaluated by several persons including psychiatrists, caseworkers, and a police officer, she never indicated to any of them that she had been sexually abused (cf., Matter of Jesse S., 152 AD2d 581). Therefore, under the circumstances of this case, we find that the petitioner has failed to satisfy its burden of proving, by a fair preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1), that Anna is a sexually-abused child. Thompson, J. P., Kunzeman, Miller and Copertino, JJ., concur.