■ In the Matter of ANGELA T. and Others, Alleged to be

Abused or Neglected Children. SULLIVAN COUNTY DEPARTMENT OF SOCIAL SERVICES, Petitioner; RANDY T., Respondent. JOHN FERRARA, as Law Guardian, Appellant. [600 NYS2d 166] —Mercure, J. Appeal from an order of the Family Court of Sullivan County (Ludmerer, J.), entered July 13, 1992, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's children to be abused or neglected.

As the result of a March 1992 incident in which respondent is alleged to have touched the bare buttock of his eight-year-old daughter, Angela, petitioner commenced this proceeding pursuant to Family Court Act article 10 alleging that Angela was abused and neglected and respondent's other children were neglected due to respondent's failure to exercise minimum care in supervision. Following a fact-finding hearing, Family Court determined that petitioner had not satisfied its burden of proof and dismissed the petition. The Law Guardian appeals.

There should be an affirmance. Given the considerable deference afforded Family Court's determinations concerning the sufficiency of corroborative evidence and the many inconsistencies between Angela's written statement and her unsworn in camera testimony and the hearing testimony of her mother, we see no reason to disturb Family Court's determination that there was insufficient evidence to support Angela's out-of-court statement (see, Matter of Christina F., 74 NY2d 532, 536). Further, respondent's hearing testimony directly contradicted Angela's claim that respondent placed his hand inside her underpants and touched her "bottom" and created a credibility issue for Family Court's determination, to be accorded great weight on appeal (see, Matter of Christina F., supra; Matter of Skye B., 185 AD2d 880, 881; Matter of Kyesha A., 182 AD2d 996, 997, lv denied 81 NY2d 704). Therefore, we find no basis in the record for setting aside Family Court's resolution of these issues and conclusion that petitioner failed to establish abuse or neglect by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Tammie Z., 66 NY2d 1, 3).

Weiss, P. J., Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, without costs.