■ In the Matter of CHERYL WILLIAMSON, Appellant, v MICHAEL WILLIAMSON, Respondent. [627 NYS2d 968] —In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Meyer, J.), dated November 16, 1993, which, after a hearing, denied her petition for a change in custody of the children and awarded sole custody of the children to the father.

Ordered that the order is affirmed, with costs.

It is well settled that in cases where a change of custody is sought, the relief should be granted when, in the court's discretion, "the totality of the circumstances * * * warrants its doing so in the best interests of the child" *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 96). "Since any custody determination depends to a very great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties" *(Alanna M. v Duncan M.,* 204 AD2d 409; *see, Matter of Irene O.,* 38 NY2d 776), its findings "are generally accorded great respect * * * and will not be disturbed unless they lack a sound and substantial basis in the record" *(Kuncman v Kuncman,* 188 AD2d 517). Moreover, the parties' own agreement as to who should have custody of children constitutes a "weighty factor", to which priority should be accorded absent extraordinary circumstances *(see, Eschbach v Eschbach,* 56 NY2d 167, 171).

In this case, the father had been the custodial parent pursuant to an agreement between the parties executed prior to the mother's petition for custody. The hearing court awarded sole custody of the parties' two minor children to the

father. Under the circumstances, we find no reason to disturb the hearing court's determination. Balletta, J. P., O'Brien, Thompson and Hart, JJ., concur.