■ In the Matter of KAREN BB. and Another, Children Alleged to be Abused and Neglected. PAULINE M. SANDERS, as Commissioner of the Chemung County Department of Social Services, Respondent; PAUL CC. et al., Appellants. [628 NYS2d 431] —Mikoll, J. P. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered November 17, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate two of respondents' children to be abused and/or neglected.

Petitioner commenced this proceeding seeking to have the four children of respondents adjudged to be abused and neglected but, by agreement, allegations of abuse pertaining to the two boys were withdrawn. The proceedings relating to the two girls, Karen BB., then 17, and Amy BB., then 13, continued to a hearing. Testimony disclosed that on February 24, 1993 Karen made allegations to her school guidance counselor, Richelle Campbell, that her father sexually abused her and administered corporal punishment to her with a belt, recently striking her on her bare buttocks. Campbell testified that Karen reported that her father was getting into bed with her at night and had also taken showers with her. Campbell reported Karen's allegations and the matter was referred to one of petitioner's caseworkers, Lisa Looby, to investigate.

Later that day, Looby interviewed Karen in Campbell's office in the presence of Police Investigator Kevin Coggins and Campbell. Looby's testimony and her affidavit made after the interview revealed that Karen said a recent incident occurred where her father got into bed with her, put his leg over her and held her down when she attempted to get away. Karen also told them of a weight monitoring program that her father had put her on for several years which included weigh-ins, measurements and photographs of her without any clothing on. Karen reported that both parents punished all four children with a belt and that her father had hit her the previous week. Karen also stated that starting in third grade her father had put his hands inside her underwear, that she took showers with him and that he examined her vaginal area. Karen also reported that she had discussed this with her mother who did nothing about it.

Further interviews were had between Looby and Karen detailing other inappropriate sexual conduct involving physical touching of her private areas. Others interviewed Karen and reported that her statements were consistent with what was detailed in Looby's testimony. Interviews Looby had with Amy and one of Karen's brothers, Matthew BB., confirmed

much of Karen's complaints of sexual misconduct and of the children being struck with a belt.

Looby also interviewed the parents together and both acknowledged the use of corporal punishment, viewing it as an appropriate discipline. Looby also reported that the parents admitted portions of other aspects involving Karen's complaints of inappropriate sexual conduct and physical contact by her father. However, the father denied that he ever touched Karen inappropriately for sexual reasons.

The parents did not testify at the hearing but Karen testified on their behalf and recanted her statements regarding sexual abuse as untrue, including a detailed handwritten list of the times and dates of the allegations she made against her father. Karen also explained that her allegations came from books, television and radio. She also testified that she had been upset with her father and thought that by making the allegations she could leave home and live with a girlfriend.

Following the hearing Family Court issued a decision finding that Karen was an abused child at the hands of her father, that such conduct constituted the crime of sexual abuse in the third degree and that, as her mother was aware that Karen was uncomfortable with the inappropriate conduct of the father and failed to act to protect Karen, Karen was a neglected child and her mother was responsible for such neglect. Based on the parent's actions constituting abuse and neglect of Karen, Family Court found that Amy also was a neglected child. Both the mother and father (hereinafter respondents) appeal.

Respondents contend that Karen's out-of-court statements relative to abuse and neglect, admitted into evidence at the hearing, were not sufficiently corroborated by other evidence. We find this contention to be without merit. Family Court properly ruled that Karen's statements were sufficiently corroborated by respondents' statements to Looby and Supervisor Patrick Hourihan, the out-of-court statements of Amy and Matthew, as well as Karen's sworn testimony (see, Family Ct Act § 1046 [a] [vi]; see also, Matter of Beverly WW., 159 AD2d 802). Although respondents' admissions did not conclusively establish sexual abuse, they were sufficiently corroborative of Karen's out-of-court statements to support Family Court's finding of sexual abuse in the third degree (see, Matter of Michelle I., 189 AD2d 998).

Respondents assert that their statements could indicate innocent behavior and therefore are not sufficient to corroborate Karen's out-of-court allegations. We disagree. All that is

required to support the court's finding is corroboration by "[a]ny other evidence" (Family Ct Act § 1046 [a] [vi]). Moreover, Family Court has considerable discretion to decide whether out-of-court statements have been sufficiently corroborated and whether the record as a whole supports a finding of abuse (*Matter of Nicole V.*, 71 NY2d 112, 119). A "relatively low degree of corroborative evidence is sufficient in abuse proceedings" (*Matter of Alena D.*, 125 AD2d 753, 754, *lv denied* 69 NY2d 605). Additionally, Family Court's reliance on statements of Amy and Matthew as corroborative evidence was not improper (*see, Matter of Michelle I., supra*).

Respondents' claim that Family Court's findings were not supported by the weight of the evidence because the court erred in determining issues of credibility is rejected. A hearing court's determinations of credibility are entitled to great weight (*see, Matter of Angela T.*, 195 AD2d 717). In the face of Karen's concrete oral allegations reinforced with specific dates, times and circumstances in her handwritten statement, the fact that she did not recant until after she returned home from foster care and evidence that family pressure was put on her to recant by her mother, it cannot be said that Family Court erred in crediting her earlier out-of-court statements over her in-court recantation at the hearing (*see, e.g., Matter of Commissioner of Saratoga County Dept. of Social Servs. v David Z.*, 133 AD2d 882; *see also, Matter of Beverly WW., supra*). Clearly, Family Court had adequate reason to discount Karen's retraction.

Respondents' argument that Family Court erred in taking judicial notice that a recantation is a symptom of child sexual abuse syndrome is not persuasive. Initially, respondents made no objection at the hearing and thereby have waived consideration of this issue on appeal (*see, Matter of Charles K.*, 202 AD2d 798). Further, the Second Department in *Matter of Lisa S. v William S.* (187 AD2d 435), where there was no specific expert testimony, noted that recantations are a common reaction in abused children. Thus, as petitioner urges, the error in view of the evidence is harmless.

Respondents' contention that they were denied their statutory and constitutional rights to be present and to confront witnesses at an in-camera interview Family Court had with Amy, held only in the presence of Amy's Law Guardian, has not been preserved for our review by proper objection in Family Court and, thus, has been waived (*see,* CPLR 4017, 5501 [a] [3]) even though the right has a constitutional basis (*see, Matherson v Marchello*, 100 AD2d 233, 241, n 4; *see also, Lang*

*v Cohalan,* 127 AD2d 17, 21, *appeal dismissed* 70 NY2d 744). The in-camera interview was held because information developed during the hearing that Amy may be traveling and unavailable. In view of the lack of any significant prejudice or error warranting review, we decline to exercise this Court's discretion to review the issue in the interest of justice (*see, e.g., Matter of Bates v Coughlin,* 145 AD2d 854, *lv denied* 74 NY2d 602; *see also, Martin v City of Cohoes,* 37 NY2d 162).

We find no abuse of respondents' claimed due process rights in the rulings of Family Court and find that there was sufficient evidence to support Family Court's findings of neglect with respect to Amy (*see generally, Matter of Michelle I.,* 189 AD2d 998, *supra*).

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.