■ In the Matter of RAMON CASTILLO, Respondent, v PEGGY HERNANDEZ, Appellant. [633 NYS2d 185] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Staton, J.), dated February 2, 1994, which, after a hearing, awarded permanent custody of the parties' infant child to the father.

Ordered that the order is affirmed, without costs or disbursements.

When the parties' daughter was about six months old, the mother left the apartment which the family shared with the

child's paternal grandmother. The parties informally agreed that the child would continue to reside with the father. When the child was nearly three years old, the father petitioned for permanent custody, and the mother filed a cross petition for the same relief. Following a hearing, the court determined, inter alia, that both parties were fit parents but the circumstances did not warrant disrupting the stable home environment which the father had successfully provided to the child.

It is well established that the primary concern in child custody matters is the best interest of the child (see, *Eschbach v Eschbach,* 56 NY2d 167; *Matter of Jaeger v Jaeger,* 207 AD2d 448). Since a custody decision depends to a great extent on the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings must be accorded great weight and should not be disturbed unless they lack a sound and substantial basis in the record (see, *Matter of Williamson v Williamson,* 215 AD2d 767; *Matter of Canazon v Canazon,* 215 AD2d 652).

While we agree with the mother that the Family Court's decision contained a misstatement of law, it is apparent from the decision that the court considered the relevant factors in determining whether the totality of the circumstances warranted a change of custody and whether such change would be in the best interest of the child (see, e.g., *Eschbach v Eschbach, supra; Canazon v Canazon, supra; Matter of Jaeger v Jaeger, supra*). Evidence was adduced at the hearing as to the ability of each parent to provide for the child, their home environments, and the length of time the present custody arrangement had been in effect. The Child Welfare Administration conducted an investigation at the court's request and recommended that the child remain in the father's custody, with liberal visitation available to the mother. We find no basis in this record to disturb the Family Court's determination that the child should remain in the custody of the father. Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.