In the Matter of THEODORE SCHERIFF, Appellant, v OONAGH SCHERIFF, Respondent. [633 NYS2d 560] —In a custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Kent, J.), entered August 25, 1994, as awarded custody of the parties' child to the mother.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Family Court properly determined that, in light of the totality of the circumstances, the best interests of the parties' child were served by awarding custody to the mother *(see, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Scalia v Scalia,* 217 AD2d 780; *Fanelli v Fanelli,* 215 AD2d 718; *Young v Young,* 212 AD2d 114).

Determinations regarding the credibility of witnesses are entitled to great weight *(see, Matter of Karen BB.,* 216 AD2d 754; *Matter of Scalia v Scalia, supra; Matter of Canazon v Canazon,* 215 AD2d 652; *Fanelli v Fanelli, supra).* In this case, the Family Court properly credited the testimony which supported the finding that the mother intended to return from Ireland with the child and that the father always knew they were in Ireland. Moreover, in light of the corroborative evidence embodied in a letter written by the father, which tended to demonstrate that his first ex-wife's initial testimony was exaggerated, the Family Court properly credited the later testimony of the first ex-wife which recanted her initial testimony regarding the father's fitness as a custodial parent *(see, Matter of Karen BB., supra).* The Family Court also was correct in crediting the testimony of the father's second ex-wife regarding his fitness as a custodial parent.

The Family Court did not improvidently exercise its discretion when it refused to permit the father to present rebuttal witnesses. The proposed testimony was concededly redundant in part and, in any event, could have been presented in the father's direct case *(see, Gobbelet v Hit Cycle Corp.,* 121 AD2d 682, 683; Fisch, New York Evidence § 326, at 211 [2d ed]). Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.