■ In the Matter of Jeffrey Frank W., Respondent, v Lillian O., Appellant. [654 NYS2d 647] —In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Schindler, J.), dated May 3, 1995, which, after a hearing, granted the father's petition for custody of the parties' child.

Ordered that the order is affirmed, without costs or disbursements.

The critical issue in this case is the credibility of the respective parties. Where there is conflicting testimony and the matter turns almost entirely on the assessment of credibility of the witnesses, as here, the hearing court's findings of fact must be accorded great weight, and its custody determination will not be lightly disturbed unless clearly unsupported by the record (*see, Matter of Lopez v Lopez,* 233 AD2d 398; *Matter of Commissioner of Social Servs. of City of N. Y. [Jasmin G.] v Ivan G.,* 226 AD2d 529; *Matter of Scheriff v Scheriff,* 221 AD2d 450; *Matter of Castillo v Hernandez,* 220 AD2d 746; *Matter of Commissioner of Social Servs. of City of N. Y. [Julian L.] v Hyacinth L.,* 210 AD2d 329).

The Family Court's determination that the father was more fit to be the custodial parent of the parties' child was based on its finding that the mother's alcohol dependency caused her to lose her jobs and home, and as a result, forced her and the child to seek refuge in shelters. The mother's allegations of the father's excessive drinking and abuse were unsubstantiated. Although the mother is currently in an alcohol treatment program and lives in a furnished apartment, the treatment is in the early stages and the mother had previously participated in an alcohol treatment program without success. As the Family Court's findings were supported by the record, its determination will not be disturbed. Rosenblatt, J. P., Ritter, Copertino and Krausman, JJ., concur.