■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of BRITTNEY C. and Another, Children Alleged to be Abused and Neglected, Appellant. NOREEN K. et al., Respondents. [661 NYS2d 670] —In a child protective proceeding pursuant to Family Court Act article 10, the Dutchess County Department of Social Services appeals, as limited by its brief, from so much of an order of the Family Court, Dutchess County (Brands, J.), dated January 15, 1997, as, after a fact-finding hearing, dismissed the petition which alleged abuse of the child Brittney C. and derivative neglect of the child Ashley K., and returned the subject children to the custody of the respondent parents, Noreen K. and Antonio C. By order dated February 5, 1997, this Court stayed the return of the children to the parents pending the hearing and determination of the appeal.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, the petition to adjudicate Brittney C. an abused child and Ashley K. a neglected child is granted, and the matter is remitted to the Family Court, Dutchess County, for a dispositional hearing.

Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of an injury which ordinarily would not occur absent an act or omission of the respondents, and which occurs at a time when the respondents were the caretakers of the child (see, Matter of

*Philip M.,* 82 NY2d 238, 243). Although the petitioner has the burden of establishing, by a fair preponderance of the evidence, that the respondents abused or neglected the subject children, once a prima facie case is made out, the burden of coming forward shifts to the respondents, who are then required to offer a satisfactory explanation for the injuries (*see, Matter of Philip M., supra,* at 244; *Matter of Marcus S.,* 123 AD2d 702; *Matter of Shawniece E.,* 110 AD2d 900).

Here, the proffered explanation, that the three fractures suffered by the two-month-old infant Brittney C. were accidental, is not credible, and the parents failed to provide a satisfactory explanation for the injuries. Moreover, the medical testimony adduced at the hearing does not support a finding that the injuries were sustained in the manner that the parents claimed. Taken as a whole, the evidence was sufficient to sustain the abuse petition against the parents, and thus, it was improperly dismissed.

Additionally, a derivative finding of neglect with respect to the infant Ashley K., should also have been made. Family Court Act § 1046 (a) (i) provides that "proof of the abuse or neglect of one child shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent". Even in the absence of direct evidence of actual abuse or neglect of a second child, a derivative finding of neglect should be made where the evidence as to the directly abused or neglected child demonstrates such an impaired level of parental judgment as to create a substantial risk of harm for any child in their care, thereby making such a child neglected under Family Court Act § 1012 (f) (i) (B) (*see, Matter of Christina Maria C.,* 89 AD2d 855). In this case, the behavior of the respondents towards Brittney C. clearly demonstrates that such a situation exists with respect to the child Ashley K. The matter must be remitted to the Family Court for a dispositional hearing.

In light of our determination, the remaining issues raised by the petitioner and the Law Guardian in their briefs need not be addressed. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.