■ In the Matter of ALAN B. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; VIKA B., Appellant. [700 NYS2d 200] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Kings County (Hepner, J.), dated May 19, 1998, which, upon a fact-finding order of the same court, dated April 8, 1998, made after a hearing, finding that the subject child was neglected, placed him in the custody of the Administration for Children's Services of the City of New York for 12 months. The appeal brings up for review the fact-finding order dated April 8, 1998.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of the Administration for Children's Services of the City of New York for 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The order of disposition which is the subject of this appeal has expired by its own terms. Therefore, the appeal from so much of the order of disposition as placed the subject child with the petitioner is dismissed as academic (see, e.g., Matter of Barbara S., 261 AD2d 408; Matter of Monique W. v Kim G., 240 AD2d 664). The appellant contends that the enactment by New York State of legislation in February 1999 implementing the Federal Adoption and Safe Families Act (L 1999, ch 7, § 12) creates an issue of such novelty as to qualify for an exception to the "mootness" doctrine (see, e.g., Matter of Hearst Corp. v Clyne, 50 NY2d 707). We disagree. Under the prior legislation (Social Services Law § 384-b [7] [a]), the agency had the right to petition for the termination of parental rights where a child had been in the care of the agency for 12 months and the parent had not maintained adequate contact and/or planned for the child's return. Accordingly, even before implementation of the Federal Act, a 12-month placement order had potentially serious consequences for the parent.

Review of the finding of neglect, however, is not academic since a finding of neglect constitutes a "permanent and significant stigma", and potential future consequences may flow from it (see, e.g., Matter of Monique W. v Kim G., supra; Matter of

*Keith C.,* 226 AD2d 369). The Family Court's determination in this case was supported by a preponderance of the evidence (*see,* Family Ct Act § 1046 [b] [i]). The findings of the hearing court concerning issues of credibility must be accorded great deference (*see, Matter of Irene O.,* 38 NY2d 776, 777). The evidence supported the determination that the mother left the then six-year-old child either home alone or with inappropriate guardians for protracted periods of time on more than one occasion, with the result that the child's physical, mental, or emotional condition was in imminent danger of becoming impaired due to his mother's "pattern of inattention to the child's need for a safe environment" (*see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Ishmael D.,* 202 AD2d 1030; *Matter of Eric M.,* 90 AD2d 717; *see also, Matter of Jerry M.,* 78 Misc 2d 407; Besharov, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1012, at 347, 362-369). In addition, the child had 32 unexplained absences from school from September through December of 1997 (*see,* Family Ct Act § 1012 [f] [i] [A]; *Matter of Jovann B.,* 153 AD2d 858; *see also, Matter of Kyle T.,* 255 AD2d 945; *Matter of Michael W.,* 123 AD2d 874). Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.