█ In the Matter of ANGELIQUE M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; NORBERT L., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of MELISSA M., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; NORBERT L., Appellant, et al., Respondents. (Proceeding No. 2.) In the Matter of SHADE L., a Child Alleged to be Abused and/or Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent; NORBERT L., Appellant, et al., Respondents. (Proceeding No. 3.) [781 NYS2d 705]—

In three related proceedings pursuant to Family Court Act article 10, Norbert L. appeals, as limited by his brief, from so much of (1) two fact-finding orders of the Family Court, Queens County (Clark, J.), dated January 23, 2002, as found, after a hearing, that he abused and neglected Shade L., and derivatively neglected Angelique M. and Melissa M., and (2) an order of disposition of the same court dated December 11, 2002, as was entered upon the fact-finding order with respect to Shade L.

Ordered that the appeals from so much of the fact-finding orders as found that Norbert L. abused and neglected Shade L. are dismissed, without costs or disbursements, as those portions of the orders were superseded by the order of disposition; and it is further,

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof finding that Norbert L. neglected Shade L.; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the fact-finding orders are modified accordingly; and it is further,

Ordered that the fact-finding orders are reversed insofar as reviewed, without costs or disbursements, and so much of the petition as alleged that Norbert L. derivatively neglected Angelique M. and Melissa M. are dismissed.

The petitioner filed allegations of child abuse against, among others, the appellant, Norbert L., after his six-month-old daughter, Shade L., sustained a suspicious fracture to her right femur. At a hearing, the petitioner established by a preponderance of evidence that Norbert L. either inflicted or allowed the injury to be inflicted on Shade L. by other than accidental means (*see* Family Ct Act § 1012 [e]; § 1046 [a] [ii]; [b] [i]; *Matter of Philip M.,* 82 NY2d 238, 244 [1993]). Norbert L. did not rebut this prima facie showing with evidence, for example, that the injury did not occur while the child was in his care; that the injury could have reasonably occurred accidentally without any act or omission on his part; or that the child suffered from a condition which was the basis for the injury (*see Matter of Philip M., supra* at 244-245; *Matter of Marc A.,* 301 AD2d 595, 596 [2003]; *Matter of Brittney C.,* 242 AD2d 533, 534 [1997]). Accordingly, the finding that Norbert L. abused Shade L. was proper (*see Matter of Brittney C., supra*).

However, the finding that Norbert L. neglected Shade L. must be vacated. Neglect was neither alleged in the petition nor raised at the hearing.

Further, the Family Court erred in entering a finding of derivative neglect against Norbert L. as to Angelique M. and Melissa M., the children of Shade L.'s babysitter. There was no proof that Norbert L. was either the parent of or legally responsible for those children (*see Matter of Yolanda D.,* 88 NY2d 790, 796 [1996]; *see also* Family Ct Act § 1046 [a] [i]; *Matter of Brent H.H.,* 309 AD2d 1016, 1017 [2003]). Ritter, J.P., Santucci, Adams and Crane, JJ., concur.