■ In the Matter of RICO D., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; DEBRA C., Appellant. (Proceeding No. 1.) In the Matter of SAKA P.-L., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; DEBRA C., Appellant. (Proceeding No. 2.) In the Matter of DIOR F., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; DEBRA C., Appellant. (Proceeding No. 3.) In the Matter of JOVAN P.-L., a Child Alleged to be Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; DEBRA C., Appellant. (Proceeding No. 4.) [796 NYS2d 144]—

In four related child protective proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Kings County (Turbow, J.), dated July 12, 2004, as after a hearing, determined that she neglected Saka P.-L., and derivatively neglected Rico D. and Dior F.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

A child's out-of-court statements may form the basis for a finding of neglect as long as they are sufficiently corroborated by other evidence tending to support the reliability of the child's statements (*see* Family Ct Act § 1046 [a] [vi]; [b] [i]). Contrary to the mother's contention, the social worker's personal observations of the child Saka's injuries, and Saka's school and medical records, were sufficient to corroborate Saka's out-of-court statements (*see* Family Ct Act § 1046 [a] [vi]; [b] [i]; *Matter of Frank F.,* 12 AD3d 601, 601-602 [2004]; *Matter of Dareth O.,* 304 AD2d 667, 668 [2003]; *see generally Matter of Nicole V.,* 71 NY2d 112, 118-119 [1987]). The finding of the Family Court on the issue of credibility is entitled to great weight, and we find no reason to disturb its determination of the factual issues (*see Matter of H. Children,* 276 AD2d 485, 486 [2000]; *Matter of Ely P.,* 167 AD2d 473, 474 [1990]). A preponderance of the evidence established that Saka was neglected by the mother (*see Matter of Angelique M.,* 10 AD3d 659 [2004]; *Matter of Beverly WW.,* 159 AD2d 802, 804 [1990]). Further, the finding of derivative neglect as to the

children Rico D. and Dior F. is supported by evidence indicating the mother's lack of understanding of her parental responsibility (*see Matter of Dareth O., supra; Matter of Brittney C.,* 242 AD2d 533 [1997]). Schmidt, J.P., S. Miller, Krausman and Fisher, JJ., concur.