■ In the Matter of NICHOLAS L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; AHMAD K.A., JR., Appellant. (Proceeding No. 1.) In the Matter of KHALID JAHEIM L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; AHMAD K.A., JR., Appellant. (Proceeding No. 2.) In the Matter of AMARI L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN's SERVICES, Respondent; AHMAD K.A., JR., Appellant. (Proceeding No. 3.) [857 NYS2d 629]—

In three related child protective proceedings pursuant to Family Court Act article 10, the father appeals, as limited by his

brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (Hamill, J.), dated February 26, 2007, as, after a hearing, found that he neglected the child Nicholas L. by inflicting excessive corporal punishment upon him, and found that he derivatively neglected the children Amari L. and Khalid Jaheim L.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the appellant's contention, the Family Court's finding that he neglected the child Nicholas L. by inflicting excessive corporal punishment upon him is supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). A child's out-of-court statements may form the basis for a finding of neglect as long as they are sufficiently corroborated by other evidence tending to support their reliability (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Rico D.*, 19 AD3d 416 [2005]). The Family Court has considerable discretion in deciding whether the statements have been sufficiently corroborated (*see Matter of Joshua B.*, 28 AD3d 759, 760-761 [2006]). Here, Nicholas L.'s out-of-court statements that the appellant struck him in the face were sufficiently corroborated by the caseworker's observation of Nicholas L.'s facial injuries (*see Matter of Rico D.*, 19 AD3d at 416; *Matter of Daniel L.*, 302 AD2d 321 [2003]). Furthermore, we note that the appellant was convicted of criminal charges based on the same conduct (*see Matter of Jeovanny P.*, 213 AD2d 717 [1995]; *cf. Matter of Suffolk County Dept. of Social Servs. v James M.*, 83 NY2d 178, 182-183 [1994]). Finally, the findings of derivative neglect as to the children Khalid Jaheim L. and Amari L. are supported by evidence indicating the appellant's lack of understanding of his parental responsibility (*see Matter of Rico D.*, 19 AD3d at 416-417; *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]). Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.