■ In the Matter of JORDAN W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of LELA W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of CHEYENNE W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of ZACHARY W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of DELILAH W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT

OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 5.) In the Matter of JADE G., Also Known as ALYSSA W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 6.) In the Matter of LORNA W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 7.) In the Matter of ASTRIA W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 8.) In the Matter of DEMI W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 9.) In the Matter of ROBYN W., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TANIQUA G., Appellant, et al., Respondent. (Proceeding No. 10.) [872 NYS2d 287]—

In related proceedings pursuant to Family Court Act article 10, Taniqua G. appeals, as limited by her brief, from so much of a fact-finding order of the Family Court, Suffolk County (Genchi, J.), entered December 18, 2007, as, after a fact-finding hearing, found that she neglected Delilah W. and derivatively neglected Jordan W., Lela W., Cheyenne W., Zachary W., Lorna W., Astria W., Demi W., Robyn W., and Jade G.

Ordered that the fact-finding order is affirmed insofar as appealed from, without costs or disbursements.

The Family Court's finding of neglect as to Delilah W. based on the appellant's use of excessive corporal punishment is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Derek J.*, 56 AD3d 558 [2008]; *Matter of Nicholas L.*, 50 AD3d 1141, 1142 [2008]; *Matter of Joshua B.*, 28 AD3d 759, 761 [2006]). Furthermore, because the appellant's conduct toward Delilah W. demonstrated a fundamental defect in her understanding of parental duties relating to the care of children, there was sufficient evidence to make a finding of derivative neglect as to the remaining children (*see Matter of Derek J.*, 56 AD3d 558 [2008]; *Matter of Devontay M.*, 56 AD3d 561 [2008]; *Matter of Nicholas L.*, 50 AD3d at 1142).

Contrary to the appellant's contention, the Family Court providently exercised its discretion in conforming the pleadings to the proof adduced during the fact-finding hearing (*see* Family

Ct Act § 1051 [b]; *Matter of Jewle I.*, 44 AD3d 1105, 1107 [2007]; *Matter of LeVonn G.*, 20 AD3d 530 [2005]; *Matter of Thomas JJ.*, 14 AD3d 953, 954 [2005]). Mastro, J.P., Florio, Covello and Belen, JJ., concur.