In the Matter of DELILAH E.H. and Others, Children Alleged to be Abused and/or Neglected. WILSON H., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [933 NYS2d 244]—

Although respondent argues there was no direct evidence of abuse to support the court's abuse findings, the credited

testimony given by petitioner agency's expert witnesses regarding their interviews with the child sufficiently corroborated the child's consistent, out-of-court statements that his stepfather had intentionally placed his hand on the stove burner because he was playing with matches. Such evidence, together with a sketch the child made of the stove burner, upon which the child placed his hand to show the agency's expert witness how his stepfather burned his hand, established, by a preponderance of the evidence, that the stepfather abused his stepson by intentionally burning his hand (*see* Family Ct Act § 1012 [e] [i]; § 1046 [b] [i]; *Matter of Nicole V.*, 71 NY2d 112 [1987]). The child suffered second degree burns and blisters, but was not taken to a hospital for medical treatment for nearly 24 hours. At the hospital, the child was diagnosed as having suffered epidermal loss on two digits of his left hand, and was prescribed morphine, Motrin and Tylenol for his pain. On such a record, the finding of neglect as to the stepson was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i]). The derivative findings of abuse and neglect as to the child's two siblings were supported by the record, given the nature of the harm inflicted upon, and the substantial risk of protracted impairment of physical and mental health suffered by, the stepson (*see Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]; *cf. Matter of Joshua R.*, 47 AD3d 465 [2008], *lv denied* 11 NY3d 703 [2008]). Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Acosta and Abdus-Salaam, JJ.