# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1391**

**CAF 12-01012**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF HANNAH L., CALEB L.,
ALANNA L., NINA L., JULIEN L., DEVIN L.
AND NATHANIEL L.

------------------------------------------        MEMORANDUM AND ORDER

ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

DWAYNE L., RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILDREN, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Margaret
O. Szczur, J.), entered May 18, 2012 in a proceeding pursuant to
Family Court Act article 10.  The order, among other things,
adjudicated respondent's seven children to be neglected by him.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act
article 10, respondent parents appeal, respectively, from orders
adjudicating their seven children to be neglected by them.  Contrary
to the parents' contentions, Family Court's finding of neglect is
supported by the requisite preponderance of the evidence (*see* Family
Ct Act § 1046 [b] [i]).  The "child[ren]'s out-of-court statements may
form the basis for a finding of neglect as long as they are
sufficiently corroborated by other evidence tending to support their
reliability" (*Matter of Nicholas L.*, 50 AD3d 1141, 1142; *see* § 1046
[a] [vi]).  We agree with the parents that neither the repetition by
each child of his or her own account nor the strong inference drawn
against the parents for failing to testify can establish corroboration
where it otherwise does not exist (*see Matter of Iyonte G. [Charles
J.R.]*, 82 AD3d 765, 767).  In this case, however, the out-of-court
statements of the three oldest children adequately cross-corroborated
one another (*see Matter of Nicole V.*, 71 NY2d 112, 124), and
established that the parents engaged in acts of domestic violence in
the presence of the children (*see Matter of Lindsey BB. [Ruth BB.]*, 70
AD3d 1205, 1207).  The evidence further established that the parents
routinely allowed the oldest child, then 10 years old, to supervise

and discipline his six younger siblings in the parents' absence (*see Matter of Shayna R.*, 57 AD3d 262, 262-263; *see also Matter of Donell S. [Donell S.]*, 72 AD3d 1611, 1612, *lv denied* 15 NY3d 705; *Matter of Alan B.*, 267 AD2d 306, 307).  The record also supports the court's finding that the parents coerced the children into not being truthful with the persons investigating the allegations against the parents.

We reject the parents' further contention that petitioner failed to establish a causal connection between their conduct and any impairment or risk of impairment to the children (*see generally Nicholson v Scoppetta*, 3 NY3d 357, 369).  Viewed as a whole, "the evidence shows that [the oldest girl] suffers from extreme distress, the source of which is her home environment" (*Matter of Maria A.*, 118 AD2d 641, 642; *see Matter of Theresa CC.*, 178 AD2d 687, 689), and that the physical, mental or emotional condition of all of the children was in imminent danger of becoming impaired due to the parents' " 'pattern of inattention to the child[ren]'s need for a safe environment' " (*Alan B.*, 267 AD2d at 307).