Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent parents appeal, respectively, from orders adjudicating their seven children to be neglected by them. Contrary to the parents’ contentions, Family Court’s finding of neglect is supported by the requisite preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). The “child[ren]’s out-of-court statements may form the basis for a finding of neglect as long as they are sufficiently corroborated by other evidence tending to support their reliability” (Matter of Nicholas L., 50 AD3d 1141, 1142 [2008]; see § 1046 [a] [vi]). We agree with the parents that neither the repetition by each child of his or her own account nor the strong inference drawn against the parents for failing to testify can establish corroboration where it otherwise does not exist (see Matter of Iyonte G. [Charles J.R.], 82 AD3d 765, 767 [2011]). In this case, however, the out-of-court statements of the three oldest children adequately cross-corroborated one another (see Matter of Nicole V., 71 NY2d 112, 124 [1987]), and established that the parents engaged in acts of domestic violence in the presence of the children (see Matter of Lindsey BB. [Ruth BB.], 70 AD3d 1205, 1207 [2010]). The evidence further established that the parents routinely allowed the oldest child, then 10 years old, to supervise and discipline his six younger siblings in the parents’ absence (see Matter of Shayna R., 57 AD3d 262, 262-263 [2008]; see also Matter of Donell S. [Donell S.], 72 AD3d 1611, 1612 [2010], lv denied 15 *1138 NY3d 705 [2010]; Matter of Alan B., 267 AD2d 306, 307 [1999]). The record also supports the court’s finding that the parents coerced the children into not being truthful with the persons investigating the allegations against the parents.
We reject the parents’ further contention that petitioner failed to establish a causal connection between their conduct and any impairment or risk of impairment to the children (see generally Nicholson v Scoppetta, 3 NY3d 357, 369 [2004]). Viewed as a whole, “the evidence shows that [the oldest girl] suffers from extreme distress, the source of which is her home environment” (Matter of Maria A., 118 AD2d 641, 642 [1986]; see Matter of Theresa CC., 178 AD2d 687, 689 [1991]), and that the physical, mental or emotional condition of all of the children was in imminent danger of becoming impaired due to the parents’ “ ‘pattern of inattention to the child[ren]’s need for a safe environment’ ” (Alan B., 267 AD2d at 307). Present — Centra, J.P., Peradotto, Garni, Lindley and Valentino, JJ.