Matter of Ricky A. (Barry A.--Suzanne C.) (2018 NY Slip Op 04904)





Matter of Ricky A. (Barry A.--Suzanne C.)


2018 NY Slip Op 04904


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


822 CAF 17-00800

[*1]IN THE MATTER OF RICKY A., KARA A., AND KADE G. WAYNE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; BARRY A., RESPONDENT-APPELLANT, AND SUZANNE C., RESPONDENT.






ROBERT A. DINIERI, CLYDE, FOR RESPONDENT-APPELLANT.
HEATHER MAURE, LYONS, FOR PETITIONER-RESPONDENT.
SARA E. ROOK, ROCHESTER, ATTORNEY FOR THE CHILD.
PETER G. CHAMBERS, NEWARK, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Wayne County (John B. Nesbitt, J.), entered April 10, 2017 in a proceeding pursuant to Family Court Act article 10. The order, inter alia, determined that respondent Barry A. had neglected the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to article 10 of the Family Court Act, respondent father appeals from an order determining that he neglected the subject children. Contrary to the father's contention, Family Court's determination is supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]; see generally Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). "In reviewing a determination of neglect, we must accord great weight and deference to the determination of Family Court, including its drawing of inferences and assessment of credibility, and we should not disturb its determination unless clearly unsupported by the record" (Matter of Shaylee R., 13 AD3d 1106, 1106 [4th Dept 2004]).
Here, the testimony presented at the fact-finding hearing established that the father suffers from untreated posttraumatic stress and substance abuse disorders. On one occasion, the father returned home after drinking liquor and beer and displayed increasingly erratic behavior in the presence of the children. The father engaged in a verbal altercation with respondent mother, which became physical, and he threw his phone into a fire that he had started in the backyard. The father then left the home with the mother, leaving the children alone in the home, and they did not return for more than 24 hours. Having witnessed the domestic violence between respondents, as well as the father's intoxication and erratic behavior, the children became afraid when respondents did not return home or contact them after so many hours had passed. The children had no way to contact respondents, and respondents never checked in on the children or had another adult do so. The children eventually contacted their older sister through Facebook, and then waited two hours for her to travel from Utica to their home in Wayne County. The children's older sibling called 911 and reported respondents as missing persons and the police responded to the residence, where the children had been alone for approximately 20 hours. Meanwhile, respondents drove past the house while police cars were parked outside and chose not to return home for another four hours. We conclude that the children's proximity to the domestic violence between respondents, combined with the father's failure to address his mental health and substance abuse issues and respondents' failure to provide adequate supervision, placed the children in imminent danger of physical, emotional, or mental impairment (see Family [*2]Ct Act § 1012 [f] [i] [B]; Matter of Trinity E. [Robert E.], 137 AD3d 1590, 1591 [4th Dept 2016]; Matter of Raven B. [Melissa K.N.], 115 AD3d 1276, 1278-1279 [4th Dept 2014]; see generally Nicholson, 3 NY3d at 370).
Contrary to the father's further contention, the out-of-court statements of the children were sufficiently corroborated by the father's testimony as well as the testimony of the police officers who responded to the 911 call, and there was sufficient cross-corroboration of each child's statement with the statements of the other children (see Family Ct Act § 1046 [a] [vi]; Matter of Isaiah S., 63 AD3d 948, 949 [4th Dept 2009]; Matter of Nicholas L., 50 AD3d 1141, 1142 [4th Dept 2008]). We have considered the father's remaining contentions and conclude that they lack merit.
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court